UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA CANOSA, an Individual,<br><br>  Plaintiff,<br><br>v.<br><br>DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JAMES L. DOLAN, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN, and ROBERT WEINSTEIN, DOES 1-10<br><br>  Defendants. | No. 18 Civ. 4115<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE THAT, pursuant to Title 28 sections 1331, 1334(b), 1441, 1446 and 1452(a) of the United States Code (the "U.S. Code"), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), defendant Tim Sarnoff ("Sarnoff" or "Removing Defendant"), by and through his undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  The Removing Defendant appears for the purpose of removal only and for no other purpose, and states the grounds for removal as follows:

**I.     PROCEDURAL HISTORY.**

1.     On December 20, 2017, plaintiff Alexandra Canosa filed a summons with notice of commencement of action in the Supreme Court of the State of New York, County of New York (the "State Court"), initiating an action assigned Index No. 161254/2017 (the "Action").  On

1

January 4, 2018, plaintiff filed an amended summons with notice of commencement of action (the "Amended Summons"). On or about March 20, 2018, plaintiff served Removing Defendant for the first time with the Amended Summons. On March 29, 2018, plaintiff filed an affidavit of service in connection with serving Removing Defendant with the Amended Summons. On April 30, 2018, plaintiff filed a complaint naming The Weinstein Company LLC ("TWC"), The Weinstein Company Holdings LLC ("TWC Holdings"), Harvey Weinstein, Robert Weinstein, and various other individuals who served on the board of TWC Holdings (the "Board of Representatives"), including Sarnoff, as defendants.[1] Plaintiff lumps Sarnoff with the Board of Representatives in a group pleading, and generally attempts to hold the Board of Representatives liable for the actions of Harvey Weinstein. Notably, plaintiff does not allege Sarnoff took any specific action separate and apart from other Board of Representatives. True and correct copies of all process, pleadings, orders, records and proceedings in the State Court are attached hereto as Exhibits A - H.[2]

2. On March 19, 2018, TWC Holdings and various of its affiliates (collectively, and together with TWC Holdings, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, commencing chapter 11 cases jointly administered under the caption *In re The Weinstein Company Holdings LLC, et al.*, Case No. 18-10601 (MFW) (Bankr. D. Del.) (the "Bankruptcy Cases"). The Debtors then filed a Notice of

---

[1] The Removing Defendant has not been served with the complaint in this Action, nor has plaintiff filed an affidavit of service indicating otherwise. In the course of preparing the removal papers, the Removing Defendant learned that plaintiff filed a complaint in this Action. The filing of the removal papers in no way excuses plaintiff's obligation to formally serve the Removing Defendant with the complaint.

[2] The complaint is attached as Exhibit A.

Suggestion on Pendency of Bankruptcy and Automatic Stay of Proceedings with the State Court on March 20, 2018, noting that all proceedings in the Action against the Debtors are automatically stayed pursuant to section 362 of Bankruptcy Code.

3. On April 30, 2018, Sarnoff filed a proof of claim for, *inter alia*, indemnification, contribution, and advancement from TWC Holdings in the Bankruptcy Cases.

4. Sarnoff is a former representative of the board of TWC Holdings. In the Action, plaintiff asserts claims tethered to allegations of sexual misconduct committed by Harvey Weinstein during his tenure as CEO of TWC Holdings. The plaintiff alleges that TWC, TWC Holdings, Robert Weinstein, and the Board of Representatives, including Sarnoff, are liable for Harvey Weinstein's actions because they, *inter alia*, (i) "solicited, requested, commanded, importuned, or intentionally aided Harvey Weinstein in engaging in the illicit conduct," (ii) "omitted discharging a specific duty of affirmative performance imposed on corporations/directors by law," (iii) "had notice of Harvey Weinstein's repeated unlawful conduct with plaintiff . . . yet failed to investigate further, and/or failed to take reasonable steps to become aware of such recurring issues," and (iv) "authorized, solicited, requested, commanded, or recklessly tolerated" Harvey Weinstein's misconduct. Exhibit A, Compl. ¶¶ 52-55, 86-89, and 119-122.

5. With respect to the Board of Representatives, including Sarnoff, plaintiff alleges they should be held liable for Harvey Weinstein's actions under the principles of vicarious liability and a general failure to act. Exhibit A, Compl. ¶¶ 177, 188, 199, 208, 211, 238, 241, 251, 254, 269, 272, 294, 297, 310, 318, 321, 330, 333, 345, 348, 367, and 370.

6. Plaintiff also asserts claims against TWC, TWC Holdings, Robert Weinstein, the Board of Representatives, including Sarnoff, for negligent supervision and retention as a result of the fact they (i) were in an employee-employer relationship with Harvey Weinstein,

(ii) were aware of Harvey Weinstein's propensities for sexual misconduct, and (iii) failed to use reasonable care in supervising and retaining Harvey Weinstein as the CEO of TWC Holdings. Exhibit A, Compl. ¶¶ 217-245.

7. The Removing Defendant's time to answer has not expired.

8. No motions or other proceedings are pending in the State Court.

9. In filing this Notice of Removal, the Removing Defendant does not waive any rights or defenses available to him, including but not limited to personal jurisdiction, and disputes that the allegations in the complaint state a valid claim under any law or equity.

10. This Court has original jurisdiction for the reasons set forth below.

## II.     REMOVAL IS PROPER UNDER TITLE 28 SECTION 1452.

11. Removal is proper under Title 28 section 1452 of the U.S. Code, which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Title 28 section 1334(b) of the U.S. Code, in turn, confers jurisdiction upon this Court to hear all civil proceedings that are "related to cases under title 11" of the United States Bankruptcy Code.  In the Second Circuit, "a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 339-340 (2d Cir. 2018) (*citing Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)). "A claim need not be certain to provide a federal court with jurisdiction: contingent outcomes can satisfy the 'conceivable effects' test, so long as there is the *possibility* of an effect on the estate." *SPV OSUS, Ltd.*, 882 F.3d at 340 (emphasis in original) (internal citations omitted).

12. These claims "conceivably" will have an effect on TWC Holdings' estate for two reasons.

13.     First, the Removing Defendant has a contractual and statutory right to seek indemnification against TWC Holdings under the Third Amended and Restated Limited Liability Company Agreement of The Weinstein Company Holdings LLC dated as of October 21, 2005 (the "LLC Agreement").  Pursuant to the LLC Agreement, TWC Holdings agreed to (i) indemnify the Removing Defendant against any claims arising out of or in connection with TWC Holdings' business or affairs, and (ii) reimburse the Removing Defendant for reasonable legal fees and other out-of-pocket expenses arising out of any action or proceeding relating to or in connection with TWC Holdings' business or affairs.  Moreover, the LLC Agreement also contains a provision for advancement of legal expenses.  The claims asserted by plaintiff against Sarnoff relate to Sarnoff's service as a representative on the board of TWC Holdings in connection with TWC Holdings' business or affairs.  Thus, a judgment for plaintiff on the theories of liability claimed against the Removing Defendant would require TWC Holdings to indemnify or reimburse the Removing Defendant.  On April 30, 2018, Sarnoff filed a proof of claim for, *inter alia*, indemnification, contribution, and advancement from TWC Holdings in the Bankruptcy cases.  Therefore, Sarnoff's indemnification claims against TWC Holdings confers "related to" bankruptcy jurisdiction over this matter.  *See SPV Osus Ltd.*, 882 F.3d at 340 ("In determining whether potential claims by third party defendants against the debtor for either indemnification or contribution give rise to "related to" jurisdiction over litigation to which the debtor is not a party, courts in this circuit . . . have generally found jurisdiction where there is a 'reasonable' legal basis for the claim.") (internal citations omitted); *see also In re River Ctr. Holdings, LLC*, 288 B.R. 59, 65 (Bankr. S.D.N.Y. 2003) ("If the obligation of the debtor to indemnify is 'contractual and absolute,' courts have held that the third party litigation is related to the bankruptcy case . . . even if the obligation is not

contractual and absolute, 'related to' jurisdiction exists if the disputed or conditional indemnity claim has a 'reasonable legal basis.'").

14.  Second, plaintiff broadly asserts claims against debtors TWC Holdings, TWC, and other co-defendants based upon the same alleged facts and circumstances that require and depend upon a determination of the conduct of defendant Harvey Weinstein.  *See* Exhibit A, Compl. ¶¶ 27-85, 119-152, and 163-168.  Specifically, plaintiff's theory of liability against the Removing Defendant and other defendants on the basis of vicarious liability for actions taken by defendant Harvey Weinstein may impact TWC Holdings' liabilities.  *See* Exhibit A, Compl. ¶¶ 177, 188, 199, 208, 211, 238, 241, 251, 254, 269, 272, 294, 297, 310, 318, 321, 330, 333, 345, 348, 367, and 370.  The doctrine of vicarious liability attributes "liability [to] an employer for the acts of its employees within the course of employment."  *Kavanaugh by Gonzales v. Nussbaum*, 71 N.Y.2d 535, 546 (1988).  Therefore, a determination of liability against Harvey Weinstein could impact the Debtors.  Because plaintiff broadly seeks to hold TWC Holdings *and* the other defendants, including Removing Defendant, vicariously liable for actions taken by defendant Harvey Weinstein, a finding of liability against these other defendants could impact TWC Holdings.  Moreover, both claims require overlapping (if not entirely duplicative) discovery, including discovery involving the Debtors.  This discovery will impose burdens on the Debtors in both cost and devotion of management and employee time.

15.  The Action thus has a direct effect on the Debtors' estates for at least two reasons: (1) the Action will give rise to claims against TWC Holdings for, *inter alia*, indemnification, contribution, and/or advancement under the LLC Agreement, and (2) the resolution of the Action potentially has effects against the Debtors, and will likely result in duplicative discovery involving the Debtors.

16.     Accordingly, the Court has original jurisdiction over this matter under Title 28 section 1334(b) of the U.S. Code.

### III. PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED.

17.     This Action is properly removable to this Court because the Southern District of New York is the district and division embracing the place where the Action is pending. *See* 28 U.S.C. § 1441(a); Fed. R. Bankr. P. 9027.

18.     This Notice of Removal is timely because it is filed within 90 days after the order for relief in the Bankruptcy Cases, which occurred with the filing of the Debtors' voluntary petitions on March 19, 2018.  *See* Fed. R. Bankr. P. 9027(a)(2) ("[A] notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.").

19.     In accordance with Title 28 section 1446(d) of the U.S. Code and Bankruptcy Rules 9027(b) and (c), written notice of the filing of this Notice of Removal will promptly be served on counsel for plaintiff and the defendants in the Action, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

20.     As required by Bankruptcy Rule 9027(a)(1), Sarnoff states that he does not consent to entry of final orders or judgment by any bankruptcy judge.

21. Consent to removal by the other defendants is not required under the bankruptcy removal statute. *See* 28 U.S.C. § 1452(a). In any event, all counsel for defendants who have been served in this case have been informed of the removal and do not object.[3]

22. The Removing Defendant signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Bankruptcy Rules.

23. In accordance with Title 28 section 1446(a) of the U.S. Code and Bankruptcy Rules 9027(a)(1) and (h), true and correct copies of all process, pleadings, orders, records and proceedings in the State Court are attached hereto as <u>Exhibit A - H</u>.

**WHEREFORE**, the Removing Defendant removes this action from the Supreme Court of the State of New York, County of New York.

Dated:  May 8, 2018

Respectfully submitted,

LATHAM & WATKINS LLP

By<u>/s/ Marvin S. Putnam</u>
  Marvin S. Putnam
  10250 Constellation Blvd, Suite 1100
  Los Angeles, California 90067
  Telephone: 424.653.5500
  Email: marvin.putnam@lw.com

*Attorneys for Defendant Tim Sarnoff*

---

[3] Consistent with the bankruptcy stay, TWC and TWC Holdings do not take a position.