UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA CANOSA,<br><br>     Plaintiff,<br><br>   -against-<br><br>DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN and DOES 1-10,<br><br>     Defendants. | No. 1:18-cv-04115 (PAE)<br><br><br>**<u>AMENDED COMPLAINT</u>**<br><br><br><br><br>JURY TRIAL DEMANDED |

Plaintiff ALEXANDRA CANOSA, complaining of Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN and DOES 1-10 (hereinafter referred to as "Defendants") by her attorneys Rheingold Giuffra Ruffo & Plotkin, LLP, respectfully sets forth and alleges the following, upon information and belief:

## PARTIES

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under the law of the United States, and is related to a bankruptcy matter.

2. This Court also has subject matter jurisdiction pursuant to 18 U.S.C. § 1595, which provides the district courts of the United States jurisdiction over violations of 18 U.S.C. § 1591.

3. This Court also has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy as the related federal claims over which this Court has original jurisdiction.

4.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, and 18 U.S.C. § 1964(c), because this action alleges violations of the Racketeer Influenced Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962.

5.      This Court is "an appropriate district court of the United States" in accordance with 18 U.S.C. §1595.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims took place in this District, and Harvey Weinstein resided in this district at all times complained of, and defendant's corporations had their headquarters in this district at all times complained of herein.

7.      Plaintiff, Alexandra Canosa has worked for or with Harvey Weinstein, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC in various capacities since 2010, as either an employee and/or independent contractor.

8.      Plaintiff designates New York County as the place of trial, based on location of some of the occurrences complained of herein, Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's county of incorporation, Defendants' place of business, and Defendants' county of residence.

9.      That at all times hereinafter mentioned, Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC. was and still is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

10.     That at all times hereinafter mentioned, Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC was and still is a business entity, doing business in the State of New York.

11.     That at all times herein mentioned, Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC regularly did and/or solicited business and/or engaged in a persistent course of

conduct or derived substantial revenue from goods used or consumed or services rendered within the State of New York.

12.     That at all times herein mentioned, Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC derived substantial revenue from interstate and/or international commerce and expected and/or should reasonably have expected that if it committed a tortious act without the State of New York that said tortious act would have consequences within the State of New York.

13.     That at all times hereinafter mentioned, Defendant THE WEINSTEIN COMPANY, LLC. was and still is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State Delaware.

14.     That at all times hereinafter mentioned, Defendant THE WEINSTEIN COMPANY, LLC was and still is a business entity, doing business in the State of New York.

15.     That at all times herein mentioned, Defendant THE WEINSTEIN COMPANY, LLC regularly did and/or solicited business and/or engaged in a persistent course of conduct or derived substantial revenue from goods used or consumed or services rendered within the State of New York.

16.     That at all times herein mentioned, Defendant THE WEINSTEIN COMPANY, LLC derived substantial revenue from interstate and/or international commerce and expected and/or should reasonably have expected that if it committed a tortious act without the State of New York that said tortious act would have consequences within the State of New York.

17.     Defendant Harvey Weinstein is a citizen of the United States and a resident of New York, New York. He is a former co-chairman of Miramax, and was a director and employee of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2005 to October 2017.

18.     Harvey Weinstein was an agent, director, owner and employee of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2010 through October 2017.  At the time of the time of the acts alleged herein there was an actual or assumed agency relationship between Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, as well as between Harvey Weinstein and its Board of Directors and Robert Weinstein.

19.     Defendant Robert Weinstein is a citizen of the United States and a resident of Greenwich, Connecticut. Robert Weinstein is the brother of Harvey Weinstein, the former chairman of Miramax, and is and was a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2005 to 2017.

20.     Robert Weinstein has known of Harvey Weinstein's pattern and practice of predatory sexual conduct toward women, including during the time the brothers worked at Miramax and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

21.     Defendant Dirk Ziff is a citizen of the United States and a resident of New York, New York. Dirk Ziff was a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. Ziff knew of Harvey Weinstein's pattern and practice of predatory sexual conduct toward women from both his personal relationship with Harvey Weinstein and his position as a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

22.     Defendant Tim Sarnoff is a citizen of the United States and a resident of Westlake Village, California. Tim Sarnoff was a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. Sarnoff knew of Harvey Weinstein's pattern and practice of predatory sexual conduct toward women from both his personal relationship with Harvey

Weinstein and his position as a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

23.     Defendant Tarak Ben Ammar is a citizen of Tunisia and currently resides in France. Tarak Ben Ammar was a director at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. Ammar knew Harvey Weinstein's pattern and practice of predatory sexual conduct toward women from both his position as a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. Ammar admitted that he and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC Board were aware that Harvey Weinstein had been accused of groping model Ambra Gutierrez in 2015. According to Ammar, the majority of the then-THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC Board members supported renewing Harvey Weinstein's contract despite the serious assault allegations.

24.     Defendant Lance Maerov is a citizen of the United States and a resident of Bedford,  New York. Lance Maerov was a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, including as a non-voting observer from 2005 to 2013 and then as a voting member through the present. Maerov Knew of Harvey Weinstein's pattern and practice of predatory sexual conduct toward women from his position as a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. According to Maerov, for years prior to the 2015 Gutierrez allegations, he had heard from THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees about complaints against Harvey Weinstein.

25.     Defendant Richard Koenigsberg is a citizen of the United States and a resident of Franklin Lakes, New Jersey. Richard Koenigsberg was a director of THE WEINSTEIN COMPANY

- 5 -

HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2005 through October 2017. Koenigsberg Knew of Harvey Weinstein's pattern and practice of predatory sexual conduct toward women from his personal relationship with Harvey Weinstein and his position as a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

26.     Defendant Jeff Sackman is a citizen of the United States and, on information and belief, a resident of Toronto, Canada. Sackman was a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from, on information and belief, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's inception to 2015. Sackman Knew of Harvey Weinstein's pattern and practice of predatory sexual conduct toward women from his personal relationship with Harvey Weinstein and his position as a director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

27.     By virtue of their positions as a board member of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, each of the Director Defendants availed themselves of the laws of New York and are subject to jurisdiction in New York.

28.     This Court has jurisdiction and venue over this case because it is a court of general jurisdiction in law and equity in the State of New York.

29.     Venue is proper pursuant to CPLR 503(a) because substantial parts of the event or commissions giving rise to the claims occurred in this jurisdiction, the corporate Defendants, The Weinstein Company and Weinstein Company Holdings, LLC maintain their principal offices in New York City and are incorporated therein, and individual defendants including Harvey Weinstein reside in this County.

30.     That Defendants are in violation of, among other things, New York City Human Rights Law § 296.1(a), New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* which prohibits sexual harassment in the workplace and New York Consolidated Laws NY CPLR § 213-C, Sexual Harassment, New York Penal Code § 240.30 (Assault and Battery).  The causes of action are based on repeated sexual harassment, sexual intimidation, emotional abuse, assault and battery of Plaintiff by Defendant Harvey Weinstein over a period of years through 2015 with threats continuing to 2017.  The foregoing events and actions of Harvey Weinstein took place in conjunction with Plaintiff's employment, in various capacities, for Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

## ACTIONS OF HARVEY WEINSTEIN

31.     Over the course of his misconduct and up to September 2017, Harvey Weinstein constantly intimidated and threatened to ruin Plaintiff's career.

32.     That plaintiff initially met with Harvey Weinstein because she wanted to pitch an idea for a production that she wished to produce with him. Thereafter, she began working together with Harvey Weinstein on various productions.

33.     That at the time of each of the sexual assault allegations alleged herein, Harvey Weinstein met with plaintiff under the guise of working together with plaintiff on productions, and then took advantage of his seclusion and power to sexually assault her.

34.     That Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC directed, arranged and paid for plaintiff to go to New York, Toronto, California, Malaysia and Budapest, and would then sexually assault her there. Plaintiff resided in California at the times of the assaults herein, and Harvey Weinstein and THE

WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC provided for plaintiff's travel and hotels to the locations where she would later be sexually assaulted.

35.    That on August 12, 2010, in the Tribeca Grand hotel in Manhattan, New York, Harvey Weinstein sexually assaulted plaintiff. Said assault took place in the course of Harvey Weinstein showing interest on plaintiff's idea to produce a film regarding Eva Cassidy. Harvey Weinstein indicated interest and promised to make her part of the production team about, and assigned Victoria Parker, Vice President of Production and Corporate Affairs at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, to work with plaintiff on this project.

36.    That on or about September 9-19, 2010, while in Toronto for the Toronto Film Festival, Harvey Weinstein sexually assaulted plaintiff at the Four Seasons hotel.

37.    That on November 4, 2011, at Harvey Weinstein's house in New York, Harvey Weinstein sexually assaulted plaintiff, while plaintiff was there at his request for business to discuss a production project on Los Alamos, a TV series.

38.    That from November, 2011 to March, 2012, Harvey Weinstein sexually assaulted, verbally assaulted, bullied and intimidated plaintiff multiple times in Los Angeles, California, in the Montage Hotel or Peninsula Hotel.

39.    That on or about May 2, 2012, in the Tribeca Grand hotel in Manhattan, New York, Harvey Weinstein sexually assaulted and/or assaulted plaintiff.

40.    That on or about October 22, 2012, Harvey Weinstein sexually assaulted plaintiff at the Peninsula Hotel in Los Angeles, California.

41.     That on or around December 20, 2012, in the Tribeca Grand Hotel in Manhattan, New York, Harvey Weinstein intimidated plaintiff and forced plaintiff to perform oral sex and threatened and bullied plaintiff.

42.     That between 2010 and 2014, Harvey Weinstein sexually assaulted, raped, forced plaintiff into sex acts, verbally abused and threatened plaintiff numerous times. At these times, Harvey Weinstein and his company set up meetings to have Plaintiff work on various projects and then would assault her.

43.     That on May 29, 2014, in Malaysia, Harvey Weinstein sexually assaulted and raped plaintiff. At the time, plaintiff was in Malaysia working on producing Marco Polo, a TV series, on which Harvey Weinstein was acting as the executive producer; he had her come to his hotel to discuss the production when this incident occurred.

44.     That in the week following December 2, 2014, Harvey Weinstein threatened and verbally abused Plaintiff in Manhattan, New York.

45.     That on or about December 21, 2014, in the Peninsula Hotel in Beverly Hills, California, Harvey Weinstein sexually assaulted plaintiff by forcing plaintiff into performing a sex act.

46.     That on or about June 24, 2015, in Harvey Weinstein's room in the Four Seasons Hotel in Budapest, Hungary, Harvey Weinstein physically assaulted and verbally abused plaintiff. At the time, plaintiff was in Hungary for work purposes at the request of Harvey Weinstein THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

47.     That on August 29, 2017, Harvey Weinstein again verbally threatened plaintiff not to speak to anyone about his abuse of plaintiff, which was one of many such occurrences starting in 2010.

48.     That at various points during the period complained of herein, Plaintiff was either seeking to have a business relationship with defendants, or was an employee and/or independent contractor of Defendants.

49.     From June, 2010, to September, 2013, plaintiff worked on Los Alamos, believed to be a wholly owned subsidiary of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, as either an employee or an independent contractor.

50.     From March, 2014 until December, 2015, plaintiff worked for Marco Polo, LLC, believed to be a wholly owned subsidiary of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, as either an employee or an independent contractor.

51.     From September, 2011 to March, 2015, plaintiff worked as a consultant for THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC as either an employee or independent contractor.

52.     On these occasions of sexual assault noted above, Harvey Weinstein insisted on meeting with Plaintiff in isolated environments for business purposes, made sure that no other persons or bystanders were around when having these business meetings with plaintiff, and forcing himself on plaintiff despite repeated requests to stop.

53.     Defendants, knew or should have known about Harvey Weinstein's conduct, and did not act to correct or curtail such activity.   Instead, Defendants facilitated, hid, and supported his unlawful conduct.

54.     That Defendant Harvey Weinstein advanced plaintiff's career and provided plaintiff with jobs and production opportunities, and plaintiff was working on said jobs producing several film projects with Harvey Weinstein and was assaulted and forcibly sexually assaulted against her will several times under the guise of production work.

55.     That employees of Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and Harvey Weinstein, spoliated Harvey Weinstein's personnel file.

56.     That employees of Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC aided and abetted Harvey Weinstein in committing each of the above acts of sexual assault.

57.     That employees of Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC aided and abetted Harvey Weinstein in committing each of the above acts of sexual assault by obtaining and providing Harvey Weinstein with medications and other paraphernalia such as caverject shots needed to perform the sexual acts described herein, arranged for Harvey Weinstein to have use of the hotel rooms where the sexual assaults took place, set up the aforesaid meetings, covered up the occurrences though they knew (or should have known) what had happened, cleaned up after the sexual assaults to avoid detection by others, gave plaintiff false assurances that she would not be secluded with Harvey Weinstein and then deserted her, and providing plaintiff with jobs and production opportunities promised to her by Harvey Weinstein- all while knowing that Harvey Weinstein would threaten plaintiff, and overpower her.

58.     That all of the activities listed above were part and parcel of the employment duties for employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, such as Sandeep Rehal (see Exhibit 2), and others, and were within the specific scope of employment said employees were hired for, as directed by Harvey Weinstein, Robert Weinstein, Frank Gil (the head of human resources), and others in executive and managerial positions for the companies.

59.     Harvey Weinstein's conduct as complained of herein, and that of every other member of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC complained of herein, was committed within the scope of their employment at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, as a causal nexus existed between (i) Harvey Weinstein's grooming of women in the entertainment industry to work with him and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and (ii) Harvey Weinstein's sexual assault of those women.

60.     Each act of sexual assault complained of herein of Alexandra Canosa began with what was supposed to be a business meeting and then became a sexual assault. This was the modus operandi of Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, whose employees worked to lure Plaintiff so that Harvey Weinstein could perform the sexual assault acts on THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC  property or at locations paid for and controlled by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

61.     Harvey Weinstein's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's business. Sexual assaults in the context of a famous and powerful movie producer such as Harvey Weinstein, and the known concept of a "casting couch" (as described in the complaints attached hereto) are exactly why plaintiff and others in the entertainment industry would expect production companies to take extra precautions to ensure that they are protected from abuse by a powerful executive such as Harvey Weinstein, particularly based on his reputation for inappropriate sexual behavior towards women which was unknown to plaintiff.

62.     That there was a pervasive culture in THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC to aid and abet Harvey Weinstein's sexual assaults, and allow Harvey Weinstein to commit these acts, and to cover up for Harvey Weinstein.

63.     Employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC were aware that Harvey Weinstein would advance the career of people he sexually assaulted and facilitated same by assigning people such as plaintiff to production teams.

64.     Said dealings further contributed to the hostile work environment within THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

65.     Individuals who complained to Harvey Weinstein or to the Human Resources Department of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, for similar transgressions as those complained of herein were subject to retaliation by HARVEY WEINSTEIN as a result of their complaints; they were not kept anonymous from Harvey Weinstein, allowing him to exact revenge.

66.     Defendant Harvey Weinstein treated plaintiff and other women less well than others, because of their gender.

67.     Defendant Harvey Weinstein repeatedly and persistently treated female employees less well than male employees through gender-based hostile workplace harassment, quid pro quo harassment, and discrimination.

68.     Defendant Harvey Weinstein similarly sexually assaulted and threatened numerous other women similarly situated to plaintiff Alexandra Canosa, before these aforesaid acts to Plaintiff Alexandra Canosa, yet despite knowledge by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC nothing was done to prevent future acts, including those complained of herein, nor was Harvey Weinstein disciplined.

69.     Harvey Weinstein used his power in the movie industry, physical power and personality to force plaintiff to attend what he said would be business meetings. Harvey Weinstein, aided by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, created an environment in which there was no choice but to do his bidding or suffer dire consequences both physically and to plaintiff's career.

70.     Pursuant to the doctrine of equitable estoppel, all of plaintiff's claims alleged herein are timely made as, for as long as Harvey Weinstein was in power  at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC (until late 2017), plaintiff was induced by fraud, misrepresentations or deception to refrain from filing any lawsuit, as she received numerous verbal threats to her career by Harvey Weinstein if she were to say anything to anyone about Harvey Weinstein's illicit conduct complained of herein if she did so.

71.     Additionally, all of the sexual assaults alleged herein are part of a continuing course of conduct, and continuing hostile work environment that plaintiff was subjected to during the entire time of and between each of the sexual assaults alleged herein, and due to these sexual assaults having been part of an ongoing discriminatory policy or practice, with specific and related instances of discrimination which were permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice.

72.     Additionally, plaintiff did not bring suit earlier because of continuing threats made by Harvey Weinstein that he would ruin her career if she took action against him.

73.     As described herein, all defendants were aware of, ratified and condoned said threats that were ever received from any other victim, and worked to cover up any wrongdoing.

74.     All of plaintiff's claims are further timely as all of the acts committed by Harvey Weinstein, and acts/inactions by all defendants herein, were interrelated, and a collective act, and were a continuous violation and abuse.

## COMPANY FAILURES AND ACTS

75.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC were aware of Harvey Weinstein's history of sexual misconduct but facilitated his conduct by, among other things: (1)  using employees to arrange for meeting in Weinstein's hotel rooms even though he had a history of misconduct in what he termed 'business meetings' in such places; (2) paying off multiple claims of sexual misconduct without adequate corrective actions; (3) continuing to allow Weinstein to operate improperly, and (4) attempting to keep Harvey Weinstein's misconduct a secret thereby allowing Harvey Weinstein to continue his predatory and threatening behavior to Plaintiff and others who thought her circumstance was one that she suffered alone and therefore no one would believe her.

76.     Upon information and belief, sixteen current and former executives and assistants at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC told a reporter from *The New Yorker* about a pattern of professional meetings that were pretexts for sexual advances on young actresses and models. "All sixteen said that the behavior was widely known within both Miramax and the Weinstein Company."

77.     Upon information and belief, Irwin Reiter, the Executive Vice President of Accounting and Financial Reporting at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2005 to the present and who previously worked in the same capacity from 1989 to 2005 at Miramax, sent messages to Emily Nestor, a temporary employee of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, who

alleged that she was harassed, describing Harvey Weinstein's "mistreatment of women" as a serial problem at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

78.     Upon information and belief, a female executive at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC told *The New Yorker*: "There was a large volume of these types of meetings that Harvey Weinstein would have with bars or in hotel rooms. And, in order to make these women feel more comfortable, he would ask a female executive or assistant to start those meetings with him."

79.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC ratified Harvey Weinstein's conduct – and found it an acceptable part of his employment so long as it made a profit on it.

80.     Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC were aware of allegations of sexual misconduct against Harvey Weinstein from their inception.

81.     That Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC solicited, requested, commanded, importuned, or intentionally aided Harvey Weinstein in engaging in the illicit conduct complained of herein.

82.     That Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC omitted discharging a specific duty of affirmative performance imposed on corporations by law.

83.     That Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC had notice of Harvey Weinstein's repeated unlawful conduct with plaintiff and other women which amounted to a recurring issue, yet failed to investigate further,

and/or failed to take reasonable steps to become aware of such recurring issues, or to do anything about them.

84.     That the illicit acts of Harvey Weinstein complained of herein were authorized, solicited, requested, commanded, or negligently or recklessly tolerated by Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

85.     That the illicit actions of Harvey Weinstein complained of herein were engaged in by Harvey Weinstein as an agent of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC while acting within the scope of his employment and in behalf of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, and the offense committed by Harvey Weinstein was a crime and/or violation, one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on a corporation, or an offense set forth in title twenty-seven of article seventy-one of the environmental conservation law.

86.     That Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC caused to be performed the illicit acts of Harvey Weinstein complained of herein, in the name of or in behalf of Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

87.     Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC were aware of the illicit activities committed by HARVEY WEINSTEIN complained of herein, and numerous other instances of similar conduct committed against other women, and failed to do anything about same or to investigate further.

88.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC failed to: further investigate to discover the nature and extent of the misconduct; absolutely

prohibit such misconduct; restrict HARVEY WEINSTEIN's ability to hire or supervise employees and his use of corporate resources in order to avoid future recurrence of such misconduct; or terminate HARVEY WEINSTEIN's employment altogether.

89.    Instead of investigating and taking prompt corrective action, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC used settlements that contained strict Non-Disclosure Agreements to keep law enforcement, the public, and even other THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees from discovering the extensive allegations of misconduct against HARVEY WEINSTEIN.

90.    THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC itself entered into several of these Non-Disclosure agreements, containing settlements with company employees. Many witnesses to HARVEY WEINSTEIN's unlawful conduct separately were subject to broad Non-Disclosure Agreements pursuant to their THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employment agreements, preventing them from revealing their own observations of misconduct to law enforcement as well. In this way, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN enabled HARVEY WEINSTEIN's unlawful conduct to continue far beyond the date when, through reasonable diligence, it should have been stopped.

91.    That THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC lacked an effective process for reporting and investigating complaints of sexual harassment or other sexual misconduct, as is required by law: it did not train employees on sexual harassment policies or laws; it did not have a meaningful or consistent process for documenting

and preserving claims of sexual harassment or other misconduct; and, when individuals did complain, Human Resources was not empowered to address claims related to HARVEY WEINSTEIN.

92.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC did not adequately investigate complaints made regarding acts of wrongdoing committed by HARVEY WEINSTEIN, did not act to protect employees and persons such as plaintiff, or prevent HARVEY WEINSTEIN from engaging in recurring conduct.

93.     HARVEY WEINSTEIN was only able to engage in repeated and persistent unlawful conduct because of the failure of key members of Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's failing to ensure that the company complied with relevant nondiscrimination laws and prevent its executives from engaging in unlawful conduct while representing the company. Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's acquiescence renders it responsible for HARVEY WEINSTEIN's misconduct on separate grounds.

94.     Individuals who complained to Harvey Weinstein or to the Human Resources Department of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, for similar transgressions as those complained of herein were subject to retaliation by HARVEY WEINSTEIN as a result of their complaints.

95.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's decision to avoid utilizing their power to investigate credible claims of misconduct, and to shield HARVEY WEINSTEIN from consequences of that misconduct, enabled HARVEY WEINSTEIN to continue victimizing employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and coworkers.

96.    THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC failed to undertake efforts that would have resulted in discovery of even more of HARVEY WEINSTEIN's prior misconduct, or to do anything about said instances that they did know about.

97.    Through the actions and inactions described above, Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC repeatedly and persistently violated the New York State Human Rights Laws and New York City Human Rights Laws by subjecting employees to a sex-based hostile work environment, targeting female employees for *quid pro quo* harassment, and otherwise discriminating against female employees in the terms, conditions, and privileges of employment.

98.    The conduct and inactions of Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC complained of herein was willful, wanton, and malicious.

99.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC repeatedly and persistently aided and abetted wrongful conduct, namely, the gender-based hostile work harassment of, *quid pro quo* harassment of, and discrimination against female employees by HARVEY WEINSTEIN.

100.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC condoned and/or acquiesced in HARVEY WEINSTEIN's sexual harassment of and gender-based discrimination against female employees.

101.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knowingly, repeatedly, and persistently, deprived women of equal treatment in terms, conditions, and privileges of employment and of the right to be free from severe or pervasive hostile treatment because of their sex.

102.    By reason of the conduct alleged above, Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC discriminated against persons based on sex in violation of New York Civil Rights Law §40-c.

103.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's negligence in supervising and/or retaining HARVEY WEINSTEIN was a substantial factor in causing Plaintiff harm.

104.    It was foreseeable that Harvey Weinstein would engage in sexual and physical misconduct if Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC continued to allow Harvey Weinstein to have private business meetings with women.

105.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knew that Harvey Weinstein was using his power and position to force women into unwanted physical and sexual contact and knew that this physical and sexual misconduct would cause harm.

106.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC failed to institute corrective measures to protect women coming into contact with Harvey Weinstein, including Plaintiff, from sexual misconduct despite Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC possessing actual and/or constructive notice of Harvey Weinstein's pervasive sexually inappropriate behavior. Such acts and omissions demonstrate a conscious disregard of the safety of others.

107.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC were aware of the probable dangerous consequences of failing to remove or

adequately supervise Harvey Weinstein. In failing to do so, Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC acted with actual malice and with conscious disregard to Plaintiff Alexandra Canosa's safety.

108.    As a direct and proximate result of Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC conduct and failure to act, Plaintiff was a victim of Harvey Weinstein's sexual and physical misconduct.

109.    The sexual misconduct has caused Plaintiff to suffer continuing, severe and permanent psychological, pain and suffering and emotional stress, and the loss of enjoyment of life.

### ROBERT WEINSTEIN'S FAILURES AND ACTS

110.    That Defendant ROBERT WEINSTEIN solicited, requested, commanded, importuned, or intentionally aided Harvey Weinstein in engaging in the illicit conduct complained of herein.

111.    That Defendant ROBERT WEINSTEIN omitted discharging a specific duty of affirmative performance imposed on corporations by law.

112.    That Defendant ROBERT WEINSTEIN had notice of Harvey Weinstein's repeated unlawful conduct with plaintiff and other women which amounted to a recurring issue, yet failed to investigate further, and/or failed to take reasonable steps to become aware of such recurring issues.

113.    That the illicit acts of Harvey Weinstein complained of herein were authorized, solicited, requested, commanded, or recklessly tolerated by the Defendant ROBERT WEINSTEIN.

114.    That the illicit actions of Harvey Weinstein complained of herein were engaged in by Harvey Weinstein as an agent of ROBERT WEINSTEIN while acting within the scope of his employment and in behalf of ROBERT WEINSTEIN, and the offense committed by Harvey Weinstein was a crime and/or a violation, defined by a statute which clearly indicates a legislative

intent to impose such criminal liability on a corporation, or an offense set forth in title twenty-seven of article seventy-one of the environmental conservation law.

115.    That Defendant ROBERT WEINSTEIN caused to be performed the illicit acts of Harvey Weinstein complained of herein, in the name of or in behalf of Defendant ROBERT WEINSTEIN.

116.    Defendant ROBERT WEINSTEIN was aware of the illicit activities committed by HARVEY WEINSTEIN complained of herein, and numerous other instances of similar conduct committed against other women, and failed to do anything about same or to investigate further.

117.    ROBERT WEINSTEIN failed to: further investigate to discover the nature and extent of the misconduct; absolutely prohibit such misconduct; restrict HARVEY WEINSTEIN's ability to hire or supervise employees and his use of corporate resources in order to avoid future recurrence of such misconduct; or terminate HARVEY WEINSTEIN's employment altogether.

118.    Instead of investigating and taking prompt corrective action, Robert Weinstein used settlements that contained strict Non-Disclosure Agreements to keep law enforcement, the public, and even other THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees from discovering the extensive allegations of misconduct against HARVEY WEINSTEIN. THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC itself entered into several of these Non-Disclosure agreements - containing settlements with company employees.

119.    Many witnesses to HARVEY WEINSTEIN's unlawful conduct separately were subject to broad Non-Disclosure Agreements pursuant to their THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employment agreements, preventing them from revealing their own observations of misconduct to law enforcement as well. In this way, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and

ROBERT WEINSTEIN enabled HARVEY WEINSTEIN's unlawful conduct to continue far beyond the date when, through reasonable diligence, it should have been stopped.

120.   Defendant ROBERT WEINSTEIN did not adequately investigate complaints made regarding acts of wrongdoing committed by HARVEY WEINSTEIN, did not act to protect employees and persons such as plaintiff, or prevent HARVEY WEINSTEIN from engaging in recurring conduct.

121.   HARVEY WEINSTEIN was only able to engage in repeated and persistent unlawful conduct because of the failure of ROBERT WEINSTEIN to ensure that he and the aforesaid companies complied with relevant nondiscrimination laws and prevent their executives from engaging in unlawful conduct while representing the company.

122.   Defendant ROBERT WEINSTEIN's acquiescence also renders him responsible for HARVEY WEINSTEIN's misconduct.

123.   ROBERT WEINSTEIN, as co-owner, co-Chairman, and co-CEO, was responsible for maintaining a safe workplace, free of sexual harassment and other unlawful conduct. Yet instead of doing so, ROBERT WEINSTEIN acquiesced in allowing HARVEY WEINSTEIN to create a hostile work environment and engage in sexual misconduct that was known to ROBERT WEINSTEIN, of which he was responsible for preventing.

124.   ROBERT WEINSTEIN's decision to avoid utilizing his power to investigate credible claims of misconduct, and to shield HARVEY WEINSTEIN from consequences of that misconduct, enabled HARVEY WEINSTEIN to continue victimizing employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and coworkers.

125.     ROBERT WEINSTEIN failed to undertake efforts that would have resulted in discovery of at least a portion of HARVEY WEINSTEIN's prior misconduct.

126.     Through the actions and inactions described above, Defendant ROBERT WEINSTEIN repeatedly and persistently violated the New York State Human Rights Laws and New York City Human Rights Laws by subjecting employees to a sex-based hostile work environment, targeting female employees for *quid pro quo* harassment, and otherwise discriminating against female employees in the terms, conditions, and privileges of employment.

127.     The conduct and inactions of ROBERT WEINSTEIN complained of herein were willful, wanton, and malicious.

128.     Defendant ROBERT WEINSTEIN repeatedly and persistently aided and abetted wrongful conduct, namely, the gender-based hostile work harassment of, *quid pro quo* harassment of, and discrimination against female employees by HARVEY WEINSTEIN.

129.     Defendant ROBERT WEINSTEIN condoned and/or acquiesced in HARVEY WEINSTEIN's sexual harassment of and gender-based discrimination against female employees.

130.     Defendant ROBERT WEINSTEIN has knowingly, repeatedly, and persistently, deprived women of equal treatment in terms, conditions, and privileges of employment and of the right to be free from severe or pervasive hostile treatment because of their sex.

131.     By reason of the conduct alleged above, Defendant ROBERT WEINSTEIN discriminated against persons based on sex in violation of New York Civil Rights Law §40-c.

132.     Defendant ROBERT WEINSTEIN's negligence in supervising and/or retaining HARVEY WEINSTEIN was a substantial factor in causing Plaintiff harm.

133.    It was foreseeable that Harvey Weinstein would engage in sexual misconduct if Defendant ROBERT WEINSTEIN continued to allow Harvey Weinstein to have private business meetings with women.

134.    Defendant ROBERT WEINSTEIN knew that Harvey Weinstein was using his power and position to commit forced sexual assaults and knew that this sexual misconduct would cause harm.

135.    Defendant ROBERT WEINSTEIN failed to institute corrective measures to protect women coming into contact with Harvey Weinstein, including Plaintiff, from sexual misconduct despite Defendant ROBERT WEINSTEIN possessing actual notice of Harvey Weinstein's sexually inappropriate behavior. Such acts and omissions demonstrate a conscious disregard of the safety of others.

136.    Defendant ROBERT WEINSTEIN was aware of the probable dangerous consequences of failing to remove or adequately supervise Harvey Weinstein. In failing to do so, Defendant ROBERT WEINSTEIN acted with actual malice and with conscious disregard to Plaintiff Alexandra Canosa's safety.

137.    As a direct and proximate result of Defendant ROBERT WEINSTEIN's conduct and failure to act, Plaintiff was a victim of Harvey Weinstein's sexual misconduct. The sexual misconduct has caused Plaintiff to suffer continuing, severe and permanent psychological, pain and suffering and emotional stress, and the loss of enjoyment of life.

## BOARD OF DIRECTORS' FAILURES AND ACTS

138.    That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN solicited, requested, commanded, importuned, or intentionally aided Harvey Weinstein in engaging in the illicit conduct complained of herein.

139.   That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN omitted discharging a specific duty of affirmative performance imposed on corporations/directors by law.

140.   That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN had notice of Harvey Weinstein's repeated unlawful conduct with plaintiff and other women which amounted to a recurring issue, yet failed to investigate further, and/or failed to take reasonable steps to become aware of such recurring issues.

141.   That the illicit acts of Harvey Weinstein complained of herein were authorized, solicited, requested, commanded, or recklessly tolerated by the Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN.

142.   That the illicit actions of Harvey Weinstein complained of herein were engaged in by Harvey Weinstein as an agent of DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN while acting within the scope of his employment and in behalf of DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN, and the offense committed by Harvey Weinstein was a crime and/or violation, one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on a corporation, or an offense set forth in title twenty-seven of article seventy-one of the environmental conservation law.

143.   That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN caused to be performed that illicit acts of Harvey Weinstein complained of herein, in the name of or in behalf of Defendants DIRK

ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN.

144.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN were aware of the illicit activities committed by HARVEY WEINSTEIN complained of herein, and numerous other instances of similar conduct committed against other women, and failed to do anything about same or to investigate further.

145.    That the illicit actions of Harvey Weinstein complained of herein were engaged in by Harvey Weinstein as an agent of DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN while acting within the scope of his employment, and the offense committed by Harvey Weinstein was a crime and/or violation, one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on a corporation, or an offense set forth in title twenty-seven of article seventy-one of the environmental conservation law.

146.    That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN caused to be performed the illicit acts of Harvey Weinstein complained of herein, in the name of or in behalf of Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN.

147.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN failed to: further investigate to discover the nature and extent of the misconduct; absolutely prohibit such misconduct; restrict HARVEY WEINSTEIN's ability to hire or supervise employees and his use of corporate resources in order

to avoid future recurrence of such misconduct; or terminate HARVEY WEINSTEIN's employment altogether.

148.    Instead of investigating and taking prompt corrective action, Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN used settlements that contained strict Non-Disclosure Agreements to keep law enforcement, the public, and even other THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees from discovering the extensive allegations of misconduct against HARVEY WEINSTEIN. THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC itself entered into several of these Non-Disclosure agreements containing settlements with company employees. Many witnesses to HARVEY WEINSTEIN's unlawful conduct separately were subject to broad Non-Disclosure Agreements pursuant to their THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employment agreements, preventing them from revealing their own observations of misconduct to law enforcement as well. In this way, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN enabled HARVEY WEINSTEIN's unlawful conduct to continue far beyond the date when, through reasonable diligence, it should have been stopped.

149.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN had power to supervise HARVEY WEINSTEIN, to limit his contact with female employees and third parties, and to take concrete steps to stop illicit conduct.

150.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN also had the power to refuse to renew

HARVEY WEINSTEIN's employment contract in 2015 and earlier, but failed to act, in part out of HARVEY WEINSTEIN's power and influence and in part due to concern that HARVEY WEINSTEIN's departure or a public battle over his contract would inflict financial harm on THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

151.    HARVEY WEINSTEIN and Board members loyal to HARVEY WEINSTEIN, fought efforts to investigate claims of sexual misconduct, or to remove HARVEY WEINSTEIN or prevent him from continuing to sexually harass and harm women.

152.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN did not adequately investigate complaints made regarding acts of wrongdoing committed by HARVEY WEINSTEIN, did not act to protect employees and persons such as plaintiff, or prevent HARVEY WEINSTEIN from engaging in recurring conduct.

153.    HARVEY WEINSTEIN was only able to engage in repeated and persistent unlawful conduct because of the failure of key members of Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's Board of Directors, including Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN, and in failing to ensure that the company complied with relevant nondiscrimination laws and prevent its executives from engaging in unlawful conduct while representing the company.

154.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN's acquiescence renders it responsible for HARVEY WEINSTEIN's misconduct on separate grounds.

155.   Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN's decision to avoid utilizing their power to investigate credible claims of misconduct, and to shield HARVEY WEINSTEIN from consequences of that misconduct, enabled HARVEY WEINSTEIN to continue victimizing employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and coworkers.

156.   Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN failed to undertake efforts that would have resulted in discovery of at least a portion of HARVEY WEINSTEIN's prior misconduct.

157.   Through the actions and inactions described above, Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN repeatedly and persistently violated the New York State Human Rights Laws and New York City Human Rights Laws by subjecting employees to a sex-based hostile work environment, targeting female employees for *quid pro quo* harassment, and otherwise discriminating against female employees in the terms, conditions, and privileges of employment.

158.   The conduct and inactions of Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN complained of herein were willful, wanton, and malicious.

159.   Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN and persistently aided and abetted wrongful conduct, namely, the gender-based hostile work harassment of, *quid pro quo* harassment of, and discrimination against female employees by HARVEY WEINSTEIN.

160.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN condoned and/or acquiesced in HARVEY WEINSTEIN's sexual harassment of and gender-based discrimination against female employees.

161.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN have knowingly, repeatedly, and persistently, deprived women of equal treatment in terms, conditions, and privileges of employment and of the right to be free from severe or pervasive hostile treatment because of their sex.

162.    By reason of the conduct alleged above, Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN discriminated against persons based on sex in violation of New York Civil Rights Law §40-c.

163.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN's negligence in supervising and/or retaining HARVEY WEINSTEIN was a substantial factor in causing Plaintiff harm.

164.    It was foreseeable that Harvey Weinstein would engage in sexual misconduct if Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN continued to allow Harvey Weinstein to have private business meetings with women.

165.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN knew that Harvey Weinstein was using his power and position to force women into engaging in unwanted sexual assaults and knew that this sexual misconduct would cause harm.

166.     Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN failed to institute corrective measures to protect women coming into contact with Harvey Weinstein, including Plaintiff, from sexual misconduct despite Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN possessing actual notice of Harvey Weinstein's sexually inappropriate behavior. Such acts and omissions demonstrate a conscious disregard of the safety of others.

167.     Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN were aware of the probable dangerous consequences of failing to remove or adequately supervise Harvey Weinstein. In failing to do so, Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN acted with actual malice and with conscious disregard to Plaintiff Alexandra Canosa's safety.

168.     As a direct and proximate result of Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN conduct and failure to act, Plaintiff was a victim of Harvey Weinstein's sexual misconduct. The sexual misconduct has caused Plaintiff to suffer continuing, severe and permanent psychological, pain and suffering and emotional stress, and the loss of enjoyment of life.

### HARVEY WEINSTEIN'S AFORESAID ACTS
### PERFORMED WITHIN SCOPE OF EMPLOYMENT

169.     Harvey Weinstein acted as an executive, agent, management employee and officer of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

170.     Harvey Weinstein committed the unlawful acts complained of herein in his capacity as co-owner and co-CEO of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, making him the most senior person in the company.

171.     Harvey Weinstein's meetings with Plaintiff as alleged herein occurred within the course and scope of his employment for THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, and the circumstances of each and every meeting was for a purpose related to the business of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

172.     In that role, Harvey Weinstein used THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's corporate resources and employees to facilitate the unlawful conduct. Thus, as a matter of law, Harvey Weinstein's unlawful activities are attributable to THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

173.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees facilitated the ostensibly business related meetings that lead to illicit sexual activity complained of herein, while knowing that same was unwanted.

174.     That THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC paid for hotel rooms for HARVEY WEINSTEIN while knowing that same were intended for the purpose of facilitating the illicit acts complained of herein.

175.     That expenses arising from an illicit sexual encounter with plaintiff and others were treated as a business expense of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

176.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC is responsible for the unlawful conduct described herein. When the legal violations described

herein were committed, HARVEY WEINSTEIN was a high-ranking officer of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. As the most senior member of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC management, the actions taken by HARVEY WEINSTEIN in the course of managing THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and conducting THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC business are attributable to THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

177.    Defendants also understood that HARVEY WEINSTEIN was using company resources to facilitate his sexual exploits, including his employment on the payroll of the "roster" of women described above and his use of company resources to facilitate sexual assaults.

178.    Harvey Weinstein was an agent, director, owner and employee of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2010 through October 2017.  At the time of the time of the acts alleged herein there was an actual or assumed agency relationship between Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, as well as between Harvey Weinstein and the Board of Directors of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. All acts or omissions alleged herein were ratified by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and Board of Directors of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, THE WEINSTEIN COMPANY HOLDINGS, LLC's Board of Directors and THE WEINSTEIN COMPANY, LLC's Board of Directors knew of the acts and omissions of Harvey Weinstein, and

THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's employee, managers, supervisors, executives and directors had investigated or knew of the acts and omissions of Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC failed and chose not to take steps against him.

## PRIOR NOTICE AND ILLICIT ENTERPRISE

179.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are liable because they were aware of and acquiesced in repeated and persistent unlawful conduct by failing to investigate or stop it.

180.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 were aware of and acquiesced in repeated persistent unlawful conduct committed by Harvey Weinstein by failing to investigate or stop it.

181.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 were repeatedly presented with credible evidence of Harvey Weinstein's sexual harassment/assault of employees, interns and colleagues, and his use of corporate employees and resources to facilitate sexual activity with third parties, amidst allegations that HARVEY WEINSTEIN had engaged in unlawful sexual conduct.

182.   Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 were aware of or had access to numerous complaints of HARVEY WEINSTEIN's misconduct as well as access to THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees and records which could have confirmed the accuracy of the complaints and the scope of misconduct. Yet the company failed to adequately investigate claims, take common-sense measures to protect female employees and third parties from HARVEY WEINSTEIN's illegal conduct, or terminate HARVEY WEINSTEIN's employment.

183.   When employees (or others) complained about serious misconduct by HARVEY WEINSTEIN, Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 took steps to separate the employee from the company while securing non-disclosure agreements that would prevent the person from disclosing the misconduct to others or warning others about the misconduct. These Non-Disclosure Agreements were contained within settlement agreements entered into by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC itself. While the source of the funds used to pay for the monetary component of any settlement remains under investigation, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's participation as a party to settlements, and its receipt of complaints concerning misconduct leading to those settlements, reflect that Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN

AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 were fully aware of numerous settlements involving claims of misconduct by HARVEY WEINSTEIN brought by employees and others, which was therefore a recurring problem, and put Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 on notice of all similar future occurrences as well.

184.    In support of plaintiff's contentions made herein, including, but not limited to, allegations that the actions by Harvey Weinstein described herein were not isolated instances, and were part of a constant and recurring issue for which all Defendants were abundantly aware, aided and abetted, ratified and attempted to conceal, annexed herewith are copies of the Complaints in the following matters which are hereby incorporated by reference herein in their entirety, as though plead herein verbatim:

| | |
|---|---|
| Exhibit 1. | *People v. Weinstein*, Index No. 450293/2018<br>Supreme Court of the State of New York, New York County |
| Exhibit 2. | *Rehal v. Weinstein*, Index No. 151738/2018<br>Supreme Court of the State of New York, New York County |
| Exhibit 3. | *Huett v. Weinstein*, Case No. BC680869<br>Superior Court, Los Angeles County |
| Exhibit 4. | *Doe v. The Weinstein Company*, Case No. 1:18-cv-05414<br>U.S. District Court, Southern District, New York |
| Exhibit 5. | *Doe v. The Weinstein Company*, Case No. 2:17-cv-08323<br>U.S. District Court, California Central District |
| Exhibit 6. | *Dulany v. Miramax*, Case No. 1:18-cv-04857 |

U.S. District Court, Southern District, New York

Exhibit 7.     *Geiss v. The Weinstein Company*, Case No. 1:17-cv-09554
               U.S. District Court, Southern District, New York

Exhibit 8.     *Judd v. Harvey Weinstein*, Case No. 2:18-cv-05724
               U.S. District Court, California Central District

Exhibit 9.     *Loman v. Harvey Weinstein*, Case No. 2:18-cv-07310
               U.S. District Court, California Central District

Exhibit 10.    *Noble v. Harvey Weinstein*, Case No. 1:17-cv-09260
               U.S. District Court, Southern District, New York

## DAMAGES

185.   As a result of the foregoing unlawful conduct, Plaintiff incurred substantial physical injury,

pain, suffering, loss of enjoyment of life, humiliation, mental anguish, and emotional distress, and

claims monetary, compensatory and punitive damages herein for each cause of action.

## AS AND FOR A FIRST CAUSE OF ACTION FOR:
## BATTERY

186.    Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and

exhibits 1-10, as if fully set forth herein.

187.   Harvey Weinstein intended to commit and committed acts of unwanted contact with

Plaintiff.

188.   Harvey Weinstein committed unwanted contact with Plaintiff in a harmful and offensive

manner, including but not limited to inflicting unwanted sexual contact with Plaintiff.

189.   Harvey Weinstein's battery on Plaintiff caused physical, mental and emotional distress.

190.   Harvey Weinstein used power and intimidation to overwhelm, subdue and threaten

Plaintiff.  Any objections to his conduct were met with anger. Harvey Weinstein created an

environment in which his wishes must be carried out at all costs.

191.   As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

192.    Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

193.   That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

194.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

195.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

196.     That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

197.     The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION FOR:
<u>ASSAULT</u>

198.     Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

199.     As described at length above, Harvey Weinstein intended to cause apprehension of harmful or offensive conduct against Plaintiff.

200.     Harvey Weinstein committed unwanted contact with Plaintiff in a harmful and offensive manner, including but not limited to inflicting unwanted sexual contact with Plaintiff.

201.     Harvey Weinstein's assault of Plaintiff caused physical, mental and emotional distress, pain and suffering and loss of enjoyment of life.

202.    As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

203.    Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

204.    That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

205.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

206.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

207.     That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

208.     The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION FOR:**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

209.     Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

210.     Harvey Weinstein's conduct as aforesaid, was extreme and outrageous and intentionally caused severe emotional distress to Plaintiff.

211.     Harvey Weinstein's conduct, as aforesaid, was outrageous and exceeded all possible bounds of decency.

212.     Harvey Weinstein acted with intent and recklessness with the intent and knowledge that Plaintiff had suffered emotional distress and was subject to his ongoing demands and control.

213.     As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

214.     Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated Harvey Weinstein's unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

215.     That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

216.    That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

217.    That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

218.    That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

219.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR:
### <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

220.    Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

221.    Harvey Weinstein's conduct negligently causes emotional distress to Plaintiff.

222.    Harvey Weinstein could reasonably foresee that his actions would result in the infliction of emotional distress upon Plaintiff.

223.    Plaintiff suffered emotional distress as a result of Harvey Weinstein's actions.

224.    Harvey Weinstein's conduct was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS,

LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

225.     As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

226.     Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

227.     That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

228.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

229.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

230.     That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

231.     The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR:
## NEGLIGENT SUPERVISION, HIRING AND RETENTION

232.     Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

233.     At all times material, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employed Harvey Weinstein and Harvey Weinstein was an executive and/or director of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

234.     Harvey Weinstein was unfit or incompetent to work directly with Plaintiff and posed a risk of sexually harassing and assaulting her.

235.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN owed the plaintiff a cognizable duty of care.

236.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN breached the aforesaid duty.

237.    As a result of the aforesaid breach, plaintiff suffered damage as a proximate result.

238.    Harvey Weinstein and DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN were in an employee-employer relationship.

239.    That Defendant Harvey Weinstein was incompetent, of vicious propensities, of bad disposition, and a violent sexual predator.

240.    That defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN had knowledge of that aforesaid fact which would cause a reasonably prudent person to investigate the employee's capacity and disposition, and to terminate said employee's employment.

241.    That defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN could

reasonably have anticipated that Harvey Weinstein's incompetence and disposition would be likely to result in injury to others.

242.    That defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN failed to use reasonable care to correct or remove Harvey Weinstein.

243.    DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN knew or should have known of the Harvey Weinstein's propensity for the conduct which caused the injuries, assaults, and other misconduct of Harvey Weinstein complained of herein, prior to same occurring.

244.    The injuries, assaults, and other misconduct of Harvey Weinstein complained of herein, were committed on the premises completely owed or completed controlled by DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN,  or with their chattels.

245.    Based on his long history of misconduct, Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN knew or should have known not only that Harvey Weinstein was unfit or incompetent to work with Plaintiff.

246.    DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and

THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN were given specific information about Harvey Weinstein's inappropriate conduct involving Plaintiff and disregarded the information.  As a result, Harvey Weinstein continued to threaten Plaintiff and engage in sexual assault and battery among other misconduct.

247.    Harvey Weinstein was an agent, director, owner and employee of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2010 through October 2017.

248.    At the time of the time of the acts alleged herein there was an actual or assumed agency relationship between Harvey Weinstein and DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN.

249.    All acts or omissions alleged herein were ratified by DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN.

250.    DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN knew of the acts and omissions of Harvey Weinstein, and THE WEINSTEIN COMPANY HOLDINGS, LLC and DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN'S employees, managers, supervisors, executives

and directors had investigated or knew of the acts and omissions of Harvey Weinstein and failed and chose not to take steps against Harvey Weinstein.

251.   Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN had actual or constructive knowledge of specific prior acts or allegations that made Harvey Weinstein's wrongful conduct complained of herein foreseeable.

252.   No meaningful disciplinary action was taken and Harvey Weinstein was allowed to continue to use THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC resources and his position at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC to facilitate his sexual misconduct.

253.   DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN are responsible for Harvey Weinstein's acts alleged herein.

254.   Harvey Weinstein's conduct was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

255.   As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN,

THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

256.   THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employed Harvey Weinstein.

257.   THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knew of Harvey Weinstein's propensity towards sexually abusive, negligent, careless, and/ or reckless conduct, or should have known had THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC conducted an adequate hiring procedure and/ or maintained adequate hiring, retention and/ or discipline policies.

258.   THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC negligently trained and/ or supervised Harvey Weinstein in his management position.

259.   THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC breached its duty to provide effective sexual harassment and anti-retaliation policies and procedures.

260.   At the time of the illegal conduct that caused plaintiff to suffer permanent injuries, Harvey Weinstein was acting in the course of his business and/ or job duties for THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

261.   Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN

COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

262.     That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

263.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

264.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

265.     That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

266.     The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR:
### <u>SEXUAL ASSAULT</u>

267.    Plaintiff repeats and realleges each of the preceding paragraphs, and exhibits 1-10, as if set forth at length herein.

268.    That Defendant Harvey Weinstein engaged in sexual intercourse with plaintiff by forcible compulsion and/or when plaintiff was incapable of consent by reason of being physically helpless.

269.    That Defendant Harvey Weinstein engaged in oral sexual conduct with plaintiff by forcible compulsion and/or when plaintiff was incapable of consent by reason of being physically helpless.

270.    Harvey Weinstein's actions, described above, created a hostile work environment.

271.    In addition, Harvey Weinstein engaged in quid pro quo assault and harassment.

272.    Using his authority and power in THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and in the entertainment business, Harvey Weinstein abused his position of power and authority over Plaintiff, who was either his subordinate or otherwise in no position to reject his request for business meetings due to his intimidation.

273.    Harvey Weinstein's harassment and demands upon Plaintiff were severe and pervasive and caused physical, mental and emotional distress.

274.    Harvey Weinstein's conduct was committed in the course and scope of his employment at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, who are liable pursuant to the doctrine of respondeat superior therefore.

275.    Harvey Weinstein's sexual misconduct was known to THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, which facilitated his unlawful and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Weinstein to conduct business in his hotel room or other places paid for

by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC,
failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions
by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

276.    Harvey Weinstein was an agent, director, owner and employee of THE WEINSTEIN
COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2010 through
October 2017.  At the time of the time of the acts alleged herein there was an actual or assumed
agency relationship between Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS,
LLC and THE WEINSTEIN COMPANY, LLC, as well as between Harvey Weinstein and its
Board of Directors.

277.    Harvey Weinstein's conduct was committed within the scope of his employment with
Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV,
RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS,
LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT
WEINSTEIN, DOES 1-10, who are vicariously liable for same.

278.    As described at length above, Harvey Weinstein's conduct as alleged herein was committed
in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF,
TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN,
THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC,
HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

279.     Harvey Weinstein's misconduct as alleged herein was previously known to Defendants
DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD
KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE
WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES

1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

280.    That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

281.    That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

282.    That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

283.    That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

284.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR:**
**AIDING AND ABETTING**

285.    Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

286.    Weinstein was an agent, director, owner and employee of the Weinstein Company from 2010 through October 2017.  At the time of the time of the acts alleged herein there was an actual or assumed agency relationship between Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, as well as between Harvey Weinstein and its Board of Directors.

287.    All acts or omissions alleged herein were ratified by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's Board of Directors. THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, THE WEINSTEIN COMPANY HOLDINGS, LLC's Board of Directors and THE WEINSTEIN COMPANY, LLC's Board of Directors knew of the acts and omissions of Harvey Weinstein, and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's employee, managers, supervisors, executives and directors had investigated or knew of the acts and omissions of Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC failed and chose not to take steps against him.

288.    No meaningful disciplinary action was taken and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knowingly allowed Weinstein to use THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC

resources and his position at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC to facilitate his sexual misconduct.

289.    THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, THE WEINSTEIN COMPANY HOLDINGS, LLC's Board of Directors and THE WEINSTEIN COMPANY, LLC's Board of Directors are responsible for Weinstein's acts of sexual assault, quid pro quo, assault, battery, and intentional or negligent infliction of emotional distress.

290.    Harvey Weinstein's conduct alleged herein was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

291.    As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

292.    Harvey Weinstein's misconduct as alleged herein was either specifically or generally previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and

THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

293.    That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

294.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC aided and abetted the above alleged sexual assaults and commercial sex acts of Harvey Wainstein against plaintiff.

295.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC willfully caused HARVEY WEINSTEIN's commission of the sex acts with plaintiff in its affirmative acts supporting HARVEY WEINSTEIN, including its agents' contacts and communications with Plaintiff, and as alleged above.

296.    These communications played an active role in intimidating plaintiff.

297.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knew that its acts and conduct supporting HARVEY WEINSTEIN would lead to sexual assaults and commercial sex acts by HARVEY WEINSTEIN with people such as plaintiff.

298.    Defendant THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC's aiding and abetting of HARVEY WEINSTEIN through its affirmative acts did in fact aid and abet HARVEY WEINSTEIN in committing sexual assaults and commercial sex acts upon plaintiff.

299.    That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

300.    That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

301.    That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

302.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR: VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAWS

303.    Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

304.    The Human Rights Law (Executive Law § 290 *et seq.*) declares that it "shall be an unlawful discriminatory practice … [f]or an employer … because of the … sex … of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual

or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" (Executive Law § 296 [1] [a])

305.         That at various points during the period complained of herein, Plaintiff was either seeking to have a business relationship with defendants, or was an employee and/or independent contractor of Defendants.

306.         That Plaintiff is a female.

307.         That Harvey Weinstein physically, sexually, verbally and mentally abused and harassed plaintiff as described at length above.

308.         That the aforesaid conduct was unwanted by plaintiff and forced upon her.

309.         That plaintiff was subjected to the conduct complained of herein because she is a female.

310.         That the conduct was so severe or widespread or persistent that a reasonable woman would consider the work environment to be hostile.

311.         That plaintiff actually considered that she was subjected to the conduct because she is a female.

312.         That defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN and DOES 1-10 knew or, in the exercise of reasonable care, should have known about the conduct and either accepted or approved it.

313.         That at the time of the conduct complained of herein as aforesaid, Harvey Weinstein was a high-level managerial/executive employee.

314.         That plaintiff was harmed because of the aforesaid conduct.

315.    That defendant THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and HARVEY WEINSTEIN 's conduct included intimidation, ridicule or insults, and was so severe or widespread or persistent that a reasonable woman in plaintiff's circumstances would have considered the work environment to be hostile.

316.    That Harvey Weinstein's derelict behavior was frequent, highly persistent, widespread and was severely offensive in nature and well known to all defendants herein.

317.    That said behavior and conduct had an effect on Plaintiff's well-being.

318.    That the conduct was humiliating or physically threatening to plaintiff.

319.    That the conduct unreasonably interfered with plaintiff's work performance.

320.    As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

321.    Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing

to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

322.          That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

323.          That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

324.          That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

325.          That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

326.          The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## AS AND FOR A NINTH CAUSE OF ACTION FOR:
## VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAWS

327.          Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

328.        That Defendants HARVEY WEINSTEIN, DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, DOES 1-10 and ROBERT WEINSTEIN have liability for the sexual assaults and other tortious conduct alleged herein against Harvey Weinstein by virtue of New York City Human Rights Law §8-107 and New York City Civil Rights Law §40-c.

329.        Plaintiff was treated less well than other employees because she was a female, and subjected to the conduct described above.

330.        That from September, 2011 to December, 2015, Harvey Weinstein was either exercising managerial or supervisory responsibilities over plaintiff.

331.        DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN knew of Harvey Weinstein's conduct and either accepted it or failed to take immediate and appropriate corrective action.

332.        DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN are considered to have had knowledge of Harvey Weinstein's discriminatory conduct since an employee with supervisory or managerial responsibility knew of it.

333.        In the exercise of reasonable care, DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and

ROBERT WEINSTEIN should have known of Harvey Weinstein's conduct and failed to exercise reasonable diligence to prevent such conduct.

334.     Plaintiff was an employee and or independent contractor of HARVEY WEINSTEIN, DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN.

335.     That Plaintiff was known to defendants to be a woman.

336.      That as described above, plaintiff was subjected to abuse and sexual and physical harassment and harm by Harvey Weinstein, and vicariously by defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN.

337.     That Defendants' conduct was unwanted.

338.     That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN knew of Harvey Weinstein's aforesaid conduct and either accepted it or failed to take immediate and appropriate corrective action.

339.     In the exercise of reasonable care, DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN should have known of Harvey Weinstein's aforesaid conduct and failed to exercise reasonable diligence to prevent such conduct.

340.     Harvey Weinstein's conduct was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

341.     As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

342.     Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

343.     That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS,

LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

344.     By the aforementioned acts and as alleged further herein, Defendants were on notice of their practices and procedures that caused and/ or permitted discriminatory treatment of plaintiff with respect to her terms and conditions of employment with defendants.

345.     At all relevant times, Defendants maintained a pattern and practice of unlawful discrimination on the basis of sex.

346.     As a result of Defendants' aforesaid acts, Defendants discriminated against plaintiff on account of her sex in violation of the New York State Executive Law § 296 and/ or New York City Administrative Code § 8-107 during the course of Defendants' employment of Plaintiff.

347.     As a result of Defendants' discriminatory and adverse acts, Plaintiff suffered damages, including without limitation, deprivation of income and benefits, loss of employment opportunities, severe emotional distress, personal injuries, pain, suffering, mental anguish, humiliation, loss of enjoyment of life, damage to reputation and her career and permanent disabilities.

348.     At the time of filing, notice of this action was served upon the New York State Attorney General, New York City Corporation Counsel and New York City Commission on Human Rights.

349.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

350.        That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

351.        That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

352.        The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

### AS AND FOR A TENTH CAUSE OF ACTION FOR:
### QUID PRO QUO HARASSMENT

353.        Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

354.        Harvey Weinstein forcibly committed unconsented sexual conduct, including sexual advances and sexual assault or other verbal or physical conduct of a sexual nature against Plaintiff.

355.        That said actions were performed explicitly or implicitly, as the basis for employment decisions affecting compensation, terms, conditions, or privileges of Plaintiff.

356.        That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, ROBERT WEINSTEIN and HARVEY WEINSTEIN expressly or tacitly linked tangible job benefits to the commission of the forced sexual advances and sexual assaults as aforesaid.

357.        Harvey Weinstein's conduct was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

358.        As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

359.        Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

360.        That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS,

LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

361.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

362.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

363.     That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

364.     The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR:**
**HOSTILE WORK ENVIRONMENT**

365.     Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

366.     That Harvey Weinstein's conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance or creating an intimidating, hostile, or offensive working environment.

367.        That Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment.

368.        That said conduct of Harvey Weinstein was known to defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN, who failed to do anything about same.

369.        That Harvey Weinstein, as plaintiff's supervisor, used his actual or apparent authority to engage in the harassment complained of herein.

370.        That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN aided in creating a hostile work environment by their agency relationship to Harvey Weinstein as described herein.

371.        That Harvey Weinstein was able to commit the wrongful acts described above because of the power of he wielded as granted to him by his position with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN.

372.        Harvey Weinstein's conduct was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS,

LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

373.     As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

374.     Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

375.     That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

376.        That as a result of the subject incidents, Plaintiff has sustained injury, emotional

pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of

life, and claims compensatory and punitive damages herein.

377.        That this action falls within one or more of the exceptions set forth in CPLR §1602,

specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless

disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or

intentionally, and in concert).

378.        That this action falls within one or more of the exceptions set forth in CPLR §1601,

as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have

any fault in this matter aside from Defendants herein, and in that Defendants were vicariously

responsible for any possible additional parties with liability herein.

379.        The amount of damages sought herein exceeds the jurisdictional limits of all other

courts which would otherwise have jurisdiction.

### AS AND FOR A TWELFTH CAUSE OF ACTION FOR:
### RATIFICATION

380.        Plaintiff restates and incorporates herein by reference all of the preceding

paragraphs, and exhibits 1-10, as if fully set forth herein.

381.        The actions of Harvey Weinstein complained of herein were performed by a

"superior officer" of defendants in the course of his employment, and are therefore considered acts

of the employer itself for which it is additionally held liable.

382.        Defendant DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE

MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY

HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN ratified

Harvey Weinstein's wrongful conduct complained of herein.

383.        That there was a principal-agent relationship between defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN and Harvey Weinstein.

384.        That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN had full knowledge of the material facts concerning Harvey Weinstein's prior misconduct which would put them on actual or constructive notice of the propensity for Harvey Weinstein to commit the wrongs complained of herein against plaintiff, and of those acts committed by Harvey Weinstein to Plaintiff complained of herein.

385.        That there was acceptance by DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN of Harvey Weinstein's acts as complained of herein, and those that preceded same which would put said defendants on notice of the propensity for said acts to occur.

386.        Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN intended to ratify the wrongful actions of Harvey Weinstein complained of herein.

387.        The underlying tortious conduct was done or professedly done on Defendant DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD

KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN's account.

388.        That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, ROBERT WEINSTEIN and HARVEY WEINSTEIN expressly or tacitly linked tangible job benefits to the commission of the forced sexual advances and sexual assaults as aforesaid.

389.        That plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment.

390.        Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN's agents or supervisory employees knew or should have known of the conduct complained of herein.

391.        That Defendant Harvey Weinstein was an official at a sufficiently high level in the company's management hierarchy to qualify as a proxy for defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN.

392.        That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN were charged with a duty to act on the knowledge and stop the harassment complained of herein.

393.      That Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN were charged with a duty to inform the company of the harassment, but failed to do so, or same failed to act on said information in any meaningful matter, and thus showed acceptance and ratification of the propriety of said acts.

394.      Harvey Weinstein's conduct was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

395.      As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and in furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

396.      Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing

Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

397.     That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

398.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

399.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

400.     That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

401.     The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR A THIRTIENTH CAUSE OF ACTION FOR:**
**VIOLATION OF 18 U.S.C. §1591 AGAINST HARVEY WEINSTEIN**

402.      Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

403.      Harvey Weinstein, as he had done on many occasions, traveled for his business to New York, Toronto, California, Malaysia and Budapest, as described above, where he arranged  to work with plaintiff on producing various film and movie productions and other career benefits to plaintiff, and had plaintiff travel to said locations for work related to film and television production while unbeknownst to plaintiff Harvey Weinstein actually intended to sexually assault plaintiff on many such occasions, as described above.

404.      Harvey Weinstein approached plaintiff in Los Angeles, California, for the purposes of working with THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and Harvey Weinstein on production work in New York, Toronto, Ontario, California, Malaysia and Budapest, Hungary and used said pretext to for the purposes of sexually assaulting her and force commercial sex acts.

405.      HARVEY WEINSTEIN knew that he would use promises of working together with him, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC on production projects in order to create a pretext for him to meet with plaintiff for business related purposes and used fraud, physical force or coercion (as he had done many times before) to force sexual encounters without plaintiff's consent.

406.      That HARVEY WEINSTEIN through his position with THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC arranged production positions with THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN

COMPANY, LLC for Plaintiff in order to dupe her into situations where she would be in an ostensibly work-related situation with him which would suddenly turn into a sexual assault or rape.

407.     HARVEY WEINSTEIN knew that a production role with THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC in developing a film or television projects, or his prospective of influence on Plaintiff's behalf in the entertainment business, was something of value. Indeed, it was of significant, career-making commercial value to Plaintiff. HARVEY WEINSTEIN used this promise, or the prospective use of his influence and connections on her behalf, to recruit and entice plaintiff to meet with him at the times alleged herein for ostensibly work-related purposes, where he would suddenly force her into sex acts using means of force, intimidation, fraud and/or coercion.

408.     HARVEY WEINSTEIN's power over her as a subordinate, participation in production opportunities, and the offer to use his influence on her behalf, was successful in luring plaintiff to his hotel room or others on the occasions alleged herein, which represented would be for legitimate business purposes. Due to HARVEY WEINSTEIN'S longstanding practice of conducting all manner of business in hotel rooms as opposed to business offices and due to her position as a subordinate, Plaintiff was compelled to meet with HARVEY WEINSTEIN because of said power.

409.     HARVEY WEINSTEIN used physical force, intimidation, coercion and fraud to perform the sexual acts alleged herein.

410.     This was a typical practice of HARVEY WEINSTEIN, as it was common for him to lure females into his room to ostensibly work on an entertainment project, and then use fraud, intimidation, force or coercion to obtain a sex act. Harvey Weinstein would regularly conduct otherwise legitimate business meetings in hotel rooms as opposed to his offices in New York and

Los Angeles. This practice was widely known and accepted by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. Despite their knowledge of improper sexual behavior.

411.        HARVEY WEINSTEIN knew that he had power over plaintiff which would place him in a position to use force, fraud or coercion to obtain private meetings which he said would be for business purposes, but which were actually pretexts for the forced sexual activity he desired.

412.        HARVEY WEINSTEIN traveled in interstate and foreign commerce, knowingly recruiting or enticing plaintiff, offering her something of value such as production roles, or holding her job over her head, knowing that he would use this offer as a means coerce her to have private meetings with plaintiff and then would defraud, intimidate, force and/or coerce plaintiff her into a forced sexual encounter without plaintiff's consent. Significantly, Harvey Weinstein would intersperse legitimate work meetings with illegitimate meetings.

413.        Harvey Weinstein knowingly affected interstate commerce by recruiting, enticing, transporting, and soliciting Plaintiff, knowing that he would coercively perform commercial sex acts on plaintiff without her consent.

414.        Harvey Weinstein and employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC acting in the scope and course of their employment as Harvey Weinstein had directed, coordinated to form a venture that coerced, transported, and harbored Plaintiff, either with knowledge or in reckless disregard of the fact that Harvey Weinstein would use threats of force, means of force, and coercion to force plaintiff into commercial sex acts.

415.        That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

416.        That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

417.        That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

418.        The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR:
### VIOLATION OF 18 U.S.C. §1591 AGAINST TWC/TWCH DEFENDANTS

419.        Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

420.        THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knowingly participated in HARVEY WEINSTEIN's venture in violation of 18 U.S.C. §1591 by knowingly benefiting from, facilitating, and receiving value for, the venture in which HARVEY WEINSTEIN traveled in foreign and interstate commerce, with knowing, or in reckless disregard of the facts, that HARVEY WEINSTEIN would defraud, force and/or coerce sexual encounters from women seeking to do business with THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

421.        Harvey Weinstein and employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC acting in the scope and course of their employment as Harvey Weinstein had directed, coordinated to form a venture that coerced, transported, and

harbored Plaintiff, either with knowledge or in reckless disregard of the fact that Harvey Weinstein would use threats of force, means of force, and coercion to force plaintiff into commercial sex acts.

422.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knew, or was in reckless disregard of the facts, that it was the pattern and practice of HARVEY WEINSTEIN to travel in interstate and foreign commerce to lure females such as plaintiff into defrauded, forced or coerced pretextual meetings that would unbeknownst to plaintiff lead to forced sexual acts.

423.     Employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knew from observations of Harvey Weinstein and from experiences of other THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees that he was capable of fits of rage, including infliction of physical injury, and that he was sexually aggressive.

424.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC had been privy to multiple claims in which such acts were alleged against HARVEY WEINSTEIN, prior to the alleged occurrences.

425.     Despite such knowledge, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC continued to pay for and facilitate the interstate and foreign trips of HARVEY WEINSTEIN, where THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knew, or was in reckless disregard of the facts that, he would encounter aspiring women seeking to do business with THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, and seek to coerce, defraud and/or force sexual activity against these women in the guise of legitimate production work.

426.        THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN
COMPANY, LLC employees, executives or agents, actively participated in the above described
scheme and worked with plaintiff on these projects.

427.        This affirmative conduct of THE WEINSTEIN COMPANY HOLDINGS, LLC and
THE WEINSTEIN COMPANY, LLC, was done knowing, or in reckless disregard of the facts
that, HARVEY WEINSTEIN would use intimidation, force and coercion against females such as
plaintiff into the aforesaid commercial sex acts.

428.        Multiple THE WEINSTEIN COMPANY HOLDINGS, LLC and THE
WEINSTEIN COMPANY, LLC employees or executives participated in the recruitment or
enticement of Plaintiff into a repeated victim of commercial sex acts, knowing full well what they
were doing and what harm was coming to plaintiff by their actions and those of Harvey Weinstein.

429.        Harvey Weinstein forced female THE WEINSTEIN COMPANY HOLDINGS,
LLC and THE WEINSTEIN COMPANY, LLC employees to serve in humiliating and demeaning
roles that required them to facilitate and support his sexual activity with third parties such as
plaintiff Alexandra Canosa at the time of the sexual assault incidents described above.

430.        THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN
COMPANY, LLC employed one group of female employees whose primary job it was to
accompany Harvey Weinstein to events and to facilitate Harvey Weinstein's sexual conquests.

431.        These women were kept on the payroll of THE WEINSTEIN COMPANY
HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC in their New York, Los Angeles,
and London offices. While they had different titles, as a practical matter their primary
responsibility included taking Harvey Weinstein to parties at which he could meet young women,
and introducing him to these young women seeking opportunities at THE WEINSTEIN

COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC with whom he could attempt to engage in sexual relations under the guise of a business related purpose, such as with Plaintiff herein. These women were described by some witnesses as members of Harvey Weinstein's "roster" or his "wing women."

432.      A second group of employees of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC served as his assistants. Predominantly female assistants were compelled to take various steps to further Harvey Weinstein's regular sexual activity, including by contacting "Friends of Harvey" and other prospective sexual partners via text message or phone at his direction and maintaining space on his calendar for sexual activity, such as with plaintiff herein.

433.      Upon information and belief, in exchange for facilitating and covering up HARVEY WEINSTEIN's commercial sex acts, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees progressed in their careers at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and received financial benefits.

434.      Upon information and belief, participating and covering up HARVEY WEINSTEIN's sexual misconduct was a means of obtaining success and growth within the hierarchy at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. In other words, those who participated in the scheme received better assignments and compensation.

435.      THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC knowingly benefitted financially from the commercial sex act venture of

HARVEY WEINSTEIN, including without limitation the profits from the films HARVEY WEINSTEIN promoted or produced on his trips.

436.     By facilitating HARVEY WEINSTEIN's commercial sex acts in foreign and interstate commerce, THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC enjoyed the promotion and promulgation of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC projects nationally and internationally.

437.     HARVEY WEINSTEIN was the face of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and his presence and promotion in foreign and interstate commerce brought exposure and prestige to THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC films.

438.     THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC facilitated HARVEY WEINSTEIN's commercial sex acts in foreign commerce to obtain the enormous publicity HARVEY WEINSTEIN garnered by promoting THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC films nationally and internationally, which financially benefitted THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

439.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

440.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless

disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

441.        That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

442.        The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION FOR:**
**VIOLATION OF 18 U.S.C. §1591 AGAINST INDIVIDUAL DEFENDANTS**

443.        Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

444.        ROBERT WEINSTEIN knowingly participated in HARVEY WEINSTEIN's venture in violation of 18 U.S.C. §1591 by benefiting from, and knowingly facilitating, the venture in which HARVEY WEINSTEIN travelled in foreign commerce to recruit or entice female actors, knowing that he would use fraud, force or coercion for sex with these female actors.

445.        ROBERT WEINSTEIN, along with HARVEY WEINSTEIN, effectively controlled the Board of Directors of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC. They used this control to conceal and cover up from exposure, among other things, HARVEY WEINSTEIN's defrauded, forced and/or coerced sex acts with aspiring actresses, while maintaining HARVEY WEINSTEIN's position with THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, which furthered the financial interests of ROBERT WEINSTEIN.

446.     Upon information and belief, by facilitating HARVEY WEINSTEIN's commercial sex acts in foreign commerce, ROBERT WEINSTEIN enjoyed the promotion and promulgation of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC projects nationally and internationally.

447.     HARVEY WEINSTEIN was the face of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and his presence and promotion in interstate and foreign commerce brought exposure and prestige to THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC films.

448.     ROBERT WEINSTEIN facilitated commercial sex acts in foreign commerce by HARVEY WEINSTEIN to obtain the enormous publicity HARVEY WEINSTEIN garnered by promoting THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC films internationally, which financially benefitted both THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and ROBERT WEINSTEIN given his substantial interest in THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC.

449.     ROBERT WEINSTEIN knew, or was in reckless disregard of the facts, that it was the pattern and practice of HARVEY WEINSTEIN to travel in interstate and foreign commerce to entice or recruit solicit female actors and producers with the promise of roles in upcoming THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC projects or use of his influence on their behalf, knowing that he would then use fraud, force or coercion to secure meetings and then engage in forced commercial sex acts.

450.         ROBERT WEINSTEIN has been privy to multiple claims in which such acts and conduct were alleged against HARVEY WEINSTEIN, prior to the acts alleged herein against plaintiff.

451.         Despite such knowledge, ROBERT WEINSTEIN, as an executive of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, continued to pay for and facilitate these foreign trips for HARVEY WEINSTEIN.

452.         ROBERT WEINSTEIN knowingly benefitted financially from the venture of HARVEY WEINSTEIN in which he used fraud, force or coercion to cause young female actresses to be subject to commercial sex acts as aforesaid.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION FOR: SEXUAL BATTERY IN VIOLATION OF CAL. CIV. CODE§ 1708.5 AGAINST ALL DEFENDANTS

453.         Plaintiff repeats and realleges each of the preceding paragraphs, and exhibits 1-10, as if set forth at length herein.

454.         Cal. Civ. Code Section 1708.S(a) provides: A person commits a sexual battery who does any of the following: (1) acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results. (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results. (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

455.         That as described above, Harvey Weinstein violated this section during the instances described above.

456.        That Defendant Harvey Weinstein engaged in sexual intercourse with plaintiff by forcible compulsion and/or when plaintiff was incapable of consent by reason of being physically helpless.

457.        That Defendant Harvey Weinstein engaged in oral sexual conduct with plaintiff by forcible compulsion and/or when plaintiff was incapable of consent by reason of being physically helpless.

458.        Harvey Weinstein's  actions, described above, created a hostile work environment.

459.        In addition, Harvey Weinstein engaged in quid pro quo harassment as described above.

460.    Using his authority and power in THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC and in the entertainment business, Harvey Weinstein abused his position of power and authority over Plaintiff, who was either his subordinate or otherwise in no position to reject his request for business meetings due to his intimidation.

461.        Harvey Weinstein's harassment and quid pro quo demands/promises upon Plaintiff was severe and pervasive and caused physical, mental and emotional distress.

462.        Harvey Weinstein's conduct was committed in the scope of his employment at THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, who are liable pursuant to the doctrine of respondeat superior therefore.

463.        Harvey Weinstein's sexual misconduct was known to THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, which facilitated his unlawful and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Weinstein to conduct business in his hotel room or other

places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

464.     Harvey Weinstein was an agent, director, owner and employee of THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC from 2010 through October 2017.  At the time of the time of the acts alleged herein there was an actual or assumed agency relationship between Harvey Weinstein and THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, as well as between Harvey Weinstein and its Board of Directors.

465.     Harvey Weinstein's conduct was committed within the scope of his employment with Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, who are vicariously liable for same.

466.     As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10.

467.     Harvey Weinstein's misconduct as alleged herein was previously known to Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS,

LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10, which facilitated his unlawful, abusive and predatory sexual misconduct by, among other things using THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC employees to lure victims to private meetings, and allowing Harvey Weinstein to conduct business in his hotel room or other places paid for by THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC, failing to discipline or remove Harvey Weinstein despite prior knowledge of recurring such actions by Harvey Weinstein, all the while taking steps to hide his misconduct and silence victims.

468.      That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

469.      That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

470.      That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

471.      That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have

any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

472.        The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION FOR:**
**GENDER VIOLENCE IN VIOLATION OF**
**CAL. CIV. CODE§ 52.4 AGAINST ALL DEFENDANTS**

473.        Plaintiff repeats and realleges each of the preceding paragraphs, and exhibits 1-10, as if set forth at length herein.

474.        Cal. Civ. Code Section 52.4(c) defines "gender violence" as: (1) one or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, Whether or not those acts have resulted in criminal charges, complaints, charges, prosecution, or conviction. Cal. Civ. Code Section 52.4(e) provides: Notwithstanding any other laws that may establish the liability of an employer for the acts of an employee, this section does not establish any civil liability of a person because of his or her status as an employer, unless the employer personally committed an act of gender violence.

475.        Defendant Harvey Weinstein treated plaintiff and other women less well than others, because of their gender.

476.        Defendant Harvey Weinstein repeatedly and persistently treated female employees less well than male employees through gender-based hostile workplace harassment, quid pro quo harassment, and discrimination.

477.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC repeatedly and persistently aided and abetted wrongful conduct, namely, the gender-based hostile work harassment of, *quid pro quo* harassment of, and discrimination against female employees by HARVEY WEINSTEIN.

478.    Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC and THE WEINSTEIN COMPANY, LLC condoned and/or acquiesced in HARVEY WEINSTEIN's sexual harassment of and gender-based discrimination against female employees.

479.    Defendant ROBERT WEINSTEIN repeatedly and persistently aided and abetted wrongful conduct, namely, the gender-based hostile work harassment of, *quid pro quo* harassment of, and discrimination against female employees by HARVEY WEINSTEIN.

480.    Defendant ROBERT WEINSTEIN condoned and/or acquiesced in HARVEY WEINSTEIN's sexual harassment of and gender-based discrimination against female employees.

481.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN and persistently aided and abetted wrongful conduct, namely, the gender-based hostile work harassment of, *quid pro quo* harassment of, and discrimination against female employees by HARVEY WEINSTEIN.

482.    Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG and JEFF SACKMAN  condoned and/or acquiesced in HARVEY WEINSTEIN's sexual harassment of and gender-based discrimination against female employees.

483.    That DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN AND ROBERT

WEINSTEIN, DOES 1-10 are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same, as aforesaid.

484.         That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

485.         That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

486.         That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

487.         The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### FOR FALSE IMPRISONMENT

488.         Plaintiff repeats and realleges each of the preceding paragraphs, and exhibits 1-10, as if set forth at length herein.

489.         At the time of each of the sexual assaults and assaults described above, without authority or justification, Harvey Weinstein held Plaintiff captive in his hotel suite and home.

490.         Harvey Weinstein physically prevented Plaintiff from leaving.

491.         Through these actions, Weinstein caused Plaintiff to reasonably fear immediate physical harm.

492.        That as a result of the subject incidents, Plaintiff has sustained injury, emotional

pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of

life, and claims compensatory and punitive damages herein.

493.        That this action falls within one or more of the exceptions set forth in CPLR §1602,

specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless

disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or

intentionally, and in concert).

494.        That this action falls within one or more of the exceptions set forth in CPLR §1601,

as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have

any fault in this matter aside from Defendants herein, and in that Defendants were vicariously

responsible for any possible additional parties with liability herein.

495.        The amount of damages sought herein exceeds the jurisdictional limits of all other

courts which would otherwise have jurisdiction.

### AS AND FOR A NINETEENTH CAUSE OF ACTION FOR
### SEX DISCRIMINATION - DISPARATE IMPACT

496.    Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and

exhibits 1-10, as if fully set forth herein.

497.    By reason of Defendants' aforementioned acts, Defendants discriminated against Plaintiff

and other female employees on account of their sex on a regular and systematic basis during their

employment with Defendants.

498.    Defendants discriminated against plaintiff and other female employees on account of their

sex in their hiring, promotion, training, treatment and termination during their employment with

Defendants and thus caused a disparate discriminatory impact upon female employees in violation

of the New York City Administrative Code § 8-107 and the NYS Executive Law § 296.

499.    As a result of Defendants' discriminatory and adverse acts, Plaintiff and other female employees have suffered damages including, without limitation, deprivation of income and benefits, loss of opportunity for advancement and promotion, severe emotional distress, pain, suffering, inconvenience, mental anguish, humiliation and damage to reputation and career and permanent disability.

500.    That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

501.    That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

502.    That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

503.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## AS AND FOR AN TWENTIETH CAUSE OF ACTION FOR
## HOSTILE WORK ENVIRONMENT BASED ON SEX

504.    Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

505.    Defendants' persistent, frequent and pervasive conduct created an atmosphere that was hostile, abusive, humiliating and degrading to their female employees and in particular, Plaintiff.

506.     Defendants subjected Plaintiff to a hostile work environment permeated with harassment based on sex sufficiently severe and pervasive to alter the conditions of Plaintiff's employment, in violation of the New York State Executive Law§ 296 and the New York City Administrative Code§ 8-101, *et seq.*

507.     As a result of Defendants' creation of a hostile work environment, Plaintiff has suffered damages including, without limitation, deprivation of income and benefits, termination of employment, loss of opportunity for advancement and promotion, severe emotional distress, personal injuries, pain, suffering, inconvenience, mental anguish, humiliation and damage to reputation and career and permanent disability.

508.     That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

509.     That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

510.     That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

511.     The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## AS AND FOR A TWENTY FIRST CAUSE OF ACTION FOR
## VIOLATION OF RICO - 18 U.S.C. § 1962(C)

512.   Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

513.   "RICO Defendants" as used herein, are "persons" within the meaning of 18 U.S.C. § 1961(3) who conducted the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

514.   The Weinstein Sexual Enterprise, as used herein, is an association-in-fact within the meaning of 18 U.S.C. § 1961(4) consisting of, at least, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10.

515.   At all times mentioned in the complaint, the Weinstein Sexual Enterprise was an ongoing organization that functions as a continuing unit. The Weinstein Sexual Enterprise was created and used as a tool to effectuate RICO Defendants' pattern of racketeering activity.

516.   The Weinstein Sexual Enterprise falls within the meaning of 18 U.S.C. § 1961(4) and consists of a group of "persons" associated together for the common purpose of: (i) harassing, threatening, extorting, and misleading Harvey Weinstein's victims and the media to prevent the reporting, disclosure, or prosecution of his sexual misconduct, and (ii) destroying, mutilating, or concealing records, documents, or other evidence to prevent the use of such evidence to report (or prosecute) his sexual offenses.

517.   RICO Defendants have conducted and participated in the affairs of the Weinstein Sexual Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5), which includes multiple instances of tampering with a witness or victim in violation of 18 U.S.C. § 1512, and multiple instances of obtaining a victim for the purpose of committing

or attempting to commit aggravated sexual abuse in violation of 18 U.S.C. §§ 1590 and 1591 as described above. The pattern of racketeering activity also included multiple instances of mail and wire fraud as described below.

518.    The Weinstein Sexual Enterprise engaged in and affected interstate commerce, because, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 contracted with multinational corporations not only for movie and television productions but also for the investigation, slander, blacklisting, and blackmail of Harvey Weinstein's victims.

519.    THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 exerted control over the Weinstein Sexual Enterprise, and participated in the operation or management of the affairs of the Weinstein Sexual Enterprise.

520.    Within the Weinstein Sexual Enterprise, there was a common communication network by which co-conspirators shared information on a regular basis. The Weinstein Sexual Enterprise used this common communication network for the purpose of enabling Harvey Weinstein's sexual activities.

521.    Each participant in the Weinstein Sexual Enterprise had a systematic linkage to each other participant through corporate ties, contractual relationships, financial ties, and the continuing coordination of their activities. Through the Weinstein Sexual Enterprise, the RICO Defendants and their co-conspirators functioned as a continuing unit with the purpose of furthering the illegal scheme and their common purposes.

522.    The RICO Defendants (THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and

DOES 1-10) used the mails and wires for the transmission, delivery, or shipment of the following

by the RICO Defendants or third parties that were foreseeably caused to be sent as a result of RICO

Defendants' illegal scheme, as described at length in Exhibit 6, attached herewith:

(a) Contracts between Harvey Weinstein and the Law Firms and Intelligence
Participants;

(b) Wires among the Complicit Producers about Harvey Weinstein's sexual
misconduct;

(c) Wires and mails between law firms and the intelligence participants on the subject of
Harvey Weinstein's sexual activities, his victims, and concealing his acts of sexual
misconduct;

(d) Payments to the Law Firm Participants and Intelligence Participants to
perform their roles in concealing Harvey Weinstein's sexual misconduct;

(e) Emails from the Law Firm Participants to lawyers retained by Class members to
encourage confidentiality in connection with accusations of sexual misconduct by Harvey
Weinstein;

(f) Emails, texts, and telephone calls from the Law Firm Participants to potential
plaintiffs such as Alexandra Canosa in connection with inquiries or meetings designed to
elicit information from Class members using deception;

(g) Emails from the Intelligence Participants to Class members in connection
with inquiries or meetings designed to elicit information from Class members using
deception;

(h) Use of the wires by the Intelligence Participants to construct false identities and
websites to deceive potential plaintiffs such as Alexandra Canosa and journalists.

523. THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY,

LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 utilized the interstate

and mail and wires for the purpose of obtaining money or property by means of the omissions,

false pretenses, and misrepresentations described therein.

524.   THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 also used the Internet and other electronic facilities to carry out the scheme and conceal the ongoing fraudulent activities.

525.   THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 also communicated by U.S. Mail, by interstate facsimile, and by interstate electronic mail with various other affiliates, regional offices, divisions, and other third-party entities in furtherance of the scheme.

526.   The mail and wire transmissions described herein were made in furtherance of the RICO Defendants' scheme and common course of conduct to deceive the public about Harvey Weinstein's sexual activities.

527.   To achieve their common goals, the RICO Defendants hid from the general public the unlawfulness of Harvey Weinstein's conduct, and suppressed and/or ignored warnings from third parties about his conduct.

528.   THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10's scheme and the above-described racketeering activities amounted to a common course of conduct intended to cause Plaintiff Alexandra Canosa and others to hide and conceal Harvey Weinstein's conduct. Each such racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results affecting similar victims, including Plaintiff.

529.   Had defendants not had this RICO enterprise, Harvey Weinstein would not and should not have been in a position to sexually assault plaintiff herein.

530.    RICO Defendants' fraudulent activities were a part of their ongoing business and constituted a continuing threat to Plaintiffs' property, at all times alleged herein.

531.    Defendants engaged in a pattern of racketeering activity alleged herein for the purpose of conducting the affairs of the Weinstein Sexual Enterprise.

532.    Plaintiff has been injured in their person, property and business by reason of these violations.

533.    Had THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 not been complicit and had they revealed instead of concealed Harvey Weinstein's predatory behavior, Plaintiff would not have been injured. Thus, Plaintiffs' injuries were directly and proximately caused by RICO Defendants' racketeering activity, as described above.

534.    By virtue of these violations of 18 U.S.C. § 1962(c), Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 are liable to Plaintiffs for three times the damages Plaintiffs have sustained, plus the cost of this suit, including reasonable attorneys' fees.

535.    That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

536.    That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

537.    That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

538.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR A TWENTY SECOND CAUSE OF ACTION FOR
VIOLATION OF 18 U.S.C. § 1962(D) BY
CONSPIRING TO VIOLATE 18 U.S.C. § 1962(C)**

539.    Plaintiff restates and incorporates herein by reference all of the preceding paragraphs, and exhibits 1-10, as if fully set forth herein.

540.    Section 1962(d) of RICO provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

541.    THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 have violated section 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the section 1962(c) Enterprise described previously through a pattern of racketeering activity.

542.    As demonstrated in detail above, RICO Defendants' co-conspirators, including, but not limited to, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 have engaged in numerous overt and predicate fraudulent racketeering acts in furtherance of the conspiracy, including multiple instances of tampering with a victim or witness in violation of 18 U.S.C. § 1512.

543.   The nature of the above-described acts of THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violate 18 U.S.C. § 1962(c), but also were aware that their ongoing fraudulent acts have been and are part of an overall pattern of racketeering activity.

544.   At all relevant times, all RICO Defendants including THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 and their co-conspirators were aware of the essential nature and scope of the Weinstein Sexual Enterprise and intended to participate in it.

545.   As a direct and proximate result of the overt acts and predicate acts of THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 in furtherance of violating 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c), at all times alleged herein, Plaintiff was injured in her person, business or property, as set forth more fully above.

546.   Defendants THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN, and DOES 1-10 have sought to and have engaged in the violations of the above federal laws.

547.   That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

548.   That this action falls within one or more of the exceptions set forth in CPLR §1602, specifically: (5) (due to Defendant's intentional conduct), (7) (as Defendants acted with reckless

disregard), (8) Article Ten of the Labor Law, (11) (as Defendant's acted knowingly or intentionally, and in concert).

549.    That this action falls within one or more of the exceptions set forth in CPLR §1601, as with due diligence, Plaintiff is unable to obtain jurisdiction over any such person that may have any fault in this matter aside from Defendants herein, and in that Defendants were vicariously responsible for any possible additional parties with liability herein.

550.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## DEMAND FOR JURY TRIAL

551.    Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

**WHEREFORE**, plaintiff demands judgment and monetary damages against Defendants DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN and DOES 1-10, and each of them, and punitive damages, in such sums as a jury may find fair, reasonable and just, together with costs, interests and disbursements of this action and attorneys fees.

Dated: New York, NY
        October 4, 2018

RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
Attorneys for Plaintiff

By:      Thomas P. Giuffra (TG1274)
551 Fifth Avenue, 29th Floor
New York, NY 10176
Tel: (212) 684-1880
Fax: (212) 689-8156
tgiuffra@rheingoldlaw.com


RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
Attorneys for Plaintiff

By:      Jeremy A. Hellman (JH6372)
551 Fifth Avenue, 29th Floor
New York, NY 10176
Tel: (212) 684-1880
Fax: (212) 689-8156
jhellman@rheingoldlaw.com