```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALEXANDRA CANOSA,

                       Plaintiff,

              -v-

HARVEY WEINSTEIN, THE WEINSTEIN COMPANY
HOLDINGS, LLC, and THE WEINSTEIN COMPANY,
LLC,

                       Defendants.

------------------------------------------------------------X

18 Civ. 4115 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received the parties' joint letter dated May 7, 2019. Dkt. 165.

1. The Court today approves by separate order the case management plan setting a firm six-month schedule for fact discovery.

2. The Court declines to resolve the various open issues regarding the mechanics of the forthcoming review of the database of The Weinstein Company Holdings, LLC and The Weinstein Company, LLC (collectively, "TWC") upon the parties' representation that counsel are conferring as to how best to address these issues. The Court directs the parties to work together with dispatch to find mutually agreeable solutions.

3. Plaintiff Alexandra Canosa and defendant Harvey Weinstein continue to debate the use that may be made of e-mails produced in the bankruptcy court and released to both parties. Canosa has moved for a protective order restricting the use that Weinstein proposes potentially to make of these e-mails, including in the media or in his pending criminal case. Dkt. 145. Weinstein contends that such a blanket restriction would violate his First Amendment

rights. He notes that Judge Hellerstein has recently denied such relief in a parallel civil case involving claims against Weinstein.

In releasing the documents in question to the parties here and in other civil litigation involving claims against Weinstein, the bankruptcy court, on January 8, 2019, authorized only "the use of any documents obtained in the Production in connection with any pending criminal, civil, and insurance coverage actions as well as related matters to which HW is a party," and further held that in the event of a prompt application (within 48 hours) for relief to an appropriate court, no such documents were to be disclosed until the appropriate court had ruled on the application. *See In re The Weinstein Company Holdings LLC, et. al*, No. 18-10601 (MFW) (Bankr. D. Del. Jan. 8, 2019) (Dkt. 1957). Canosa timely made such an application in this case, *see* Dkt. 145, as, the Court understands, did parties in other civil lawsuits against Weinstein.

Presented with a similar issue in *Geiss v. The Weinstein Company Holdings LLC*, No. 17 Civ. 9554 (AKH), Judge Hellerstein issued a protective order governing the use in that litigation of the Weinstein Company documents produced in the bankruptcy court. *See id.* (Dkt. 207). Judge Hellerstein ruled that any documents disclosed in the bankruptcy proceeding should be reviewed promptly by counsel for the *Geiss* plaintiffs, who should then "propose confidentiality designations to Weinstein's counsel." Judge Hellerstein further ordered that counsel in *Geiss* should then "meet and confer regarding Plaintiffs' proposed confidentiality designations and, if any disagreements remain, file motions to this Court." Judge Hellerstein further ordered that "Weinstein shall not release documents produced in the bankruptcy proceedings relating to any plaintiff named or identified in the First Amended Complaint until he has obtained Plaintiffs' consent or authorization from this Court." *Id.* While leaving this protective order in place,

Judge Hellerstein later denied the *Geiss* plaintiffs' request to extend the protective order to class plaintiffs not named in the First Amended Complaint. *See id.* (Dkt. 234).

This Court agrees with Judge Hellerstein's wise approach to the use by counsel and the parties in this case of documents produced by the bankruptcy court. The Court, by this Order, thereby adopts that order in its entirety and imposes on the parties to this litigation the same requirements imposed by Judge Hellerstein, including that the parties promptly meet and confer, and including, as relevant to plaintiff here, that Weinstein is not to release documents produced in the bankruptcy proceedings relating to Canosa until he has obtained Canosa's consent or authorization from this Court. *Id.*

This Court's order does not, of course, bind any other court in which matters pertaining to Weinstein, whether criminal or civil, are being adjudicated. The Court directs, however, that if Weinstein applies to another such court to disclose materials relating to Canosa that counsel in this case received via the bankruptcy court's January 8, 2019 order, Weinstein notify, in writing, Canosa's counsel of this intention, and file any such writing on the docket of this case, redacting any attachments of or substantive references to covered materials. The Court further directs that Weinstein bring this Order to the attention of the court hearing such an application, so that that court can afford Canosa an opportunity to be heard prior to any release of such material.

The Court, finally, notes that, unlike in *Geiss*, the parties to this case have yet to file a proposed protective order governing document discovery. The Court directs the parties to file a proposed protective order governing discovery in this case by Wednesday, May 15, 2019.

The Clerk of Court is respectfully requested to terminate the motion pending at Dkt. 145.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 9, 2019
       New York, New York