

Elior D. Shiloh
77 Water Street, Suite 2100
New York, New York 10005
Elior.Shiloh@lewisbrisbois.com
Direct: 212.232.1362

November 12, 2019             File No. 41575.09

**VIA ECF**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

       Re:     <u>Alexandra Canosa v. Dirk Ziff, et al.</u>
                 Case No. 18-Civ-04115

Dear Judge Engelmayer:

     We are counsel for Defendant Harvey Weinstein. Pursuant to Your Honor's November 7, 2019, Order (ECF No. 182), we write in response to Plaintiff Alexandra Canosa's letter filed with the Court on November 6, 2019. As previously discussed, Plaintiff has made no attempt to advance this case in discovery, and cannot now cry foul about Defendants' alleged discovery deficiencies. At no point has Plaintiff raised any discovery deficiencies with Mr. Weinstein. Both this Court's Local Civil Rules and Your Honor's Rules require the parties to meet and confer in good faith concerning any discovery dispute before raising same with the Court. Plaintiff has ignored this obligation. As a result, there has been no meet and confer regarding the substance of Plaintiff's letter.

     Further, not only has Plaintiff refused to meet and confer concerning her issues with Mr. Weinstein's discovery, she has ignored Mr. Weinstein's October 13 discovery deficiency letter requesting Plaintiff meet and confer. Her November 6 letter contains responses to only four of the deficiencies raised in Mr. Weinstein's October 13 letter. Plaintiff has chosen to ignore the remaining issues that are material. Plaintiff's blatant disregard of this Court's Rules and Your Honor's Individual Rules should not be countenanced. She should be ordered to provide all outstanding discovery as sought in Mr. Weinstein's October 13 letter.

Hon. Paul A. Engelmayer, U.S.D.J.
November 12, 2019
Page 2

Additionally, we wish to raise before the Court the impending criminal trial of Mr. Weinstein and request a conference to discuss a stay of discovery. Mr. Weinstein's criminal trial is set to begin January 6, 2020. Mr. Weinstein's criminal counsel, Donna A. Rotunno, Esq., advised that the presiding Judge is instructing the jury that the trial will last until the first week of March. Ms. Rotunno further advised that Mr. Weinstein will be needed daily for preparation beginning December 1 and will be required to be in attendance for all trial dates from 9am-4:30pm until conclusion. Evenings will be spent preparing for the next day of trial. Mr. Weinstein will be unable to participate in discovery in this action from December 1 through early March. As the court is aware, Mr. Weinstein faces serious charges where he can be sentenced to life in prison. Requiring Mr. Weinstein to address discovery in this action during the trial will unfairly prejudice not only his defense in this case but his criminal trial. Accordingly, we respectfully submit that discovery should be stayed from December 1, 2019, through April 1, 2020, for all parties and request a conference to address same.

We address the substance of Plaintiff's letter, in turn, below.

### A.  Mr. Weinstein's Alleged Discovery Deficiencies

First and foremost, although Plaintiff claims she has been "stonewalled and prevented from obtaining any discovery," Plaintiff has taken little to no initiative in prosecuting her claims or resolving any alleged discovery deficiencies with Defendant. Absolutely no third party discovery has been taken in comparison to Mr. Weinstein who attempted to meet and confer with Plaintiff as to the subpoenas he intends to serve. This apathy is further underscored by the fact that Mr. Weinstein served his Objections and Responses to Plaintiff's First Demand for Documents on August 26, 2019, and for nearly *two-and-a-half months*, Plaintiff remained silent and failed to communicate any alleged deficiencies to Defendant. It was not until Plaintiff's most recent filing on November 6, 2019 – the deadline for completion of fact discovery –  following an in-person conference before Your Honor, that Mr. Weinstein became aware of Plaintiff's position with respect to his discovery responses. Plaintiff's failure to meet and confer, seek an extension, or take any action, prior to the close of document discovery should preclude her from belatedly raising objections.

Second, Plaintiff's contention that Mr. Weinstein has failed to produce any documents that were "not provided by Plaintiff in the first instance" is false. Mr. Weinstein produced responsive correspondence almost a year ago to the Plaintiff. In preparation for discovery in this case, Mr. Weinstein spent close to a year attempting to gather documents and e-mail communications via The Weinstein Company ("TWC") bankruptcy. On November 27, 2018, our office provided to Plaintiff's counsel 248 pages of e-mail communications involving as well as detailing Plaintiff and Mr. Weinstein's professional and personal relationship.  For 11 months and 11 days, Plaintiff took no steps in response to this document production. Mr. Weinstein's personal and business papers and correspondence were in the custody of TWC at the time of his dismissal. As such, responsive documents that are in his possession, custody, or control are very limited.

Hon. Paul A. Engelmayer, U.S.D.J.
November 12, 2019
Page 3

Third, with respect to insurance policies, no policy of insurance is providing coverage or indemnification for this action. It is Mr. Weinstein's position that insurance coverage has been wrongly denied by insurance carriers that issued policies directly to him and to TWC. Notably, Mr. Weinstein's disputes with insurance carriers have resulted in a slew of litigations, which have been publicly filed and garnered notable media attention. Although Plaintiff's counsel has equal access to the publicly filed lawsuits and could have simply searched the dockets to retrieve copies of the insurance policies, they did not. Despite Plaintiff's failure to take even the most minimal steps to review the plethora of publicly available information concerning insurance coverage issues related to her case, in a good faith effort to avoid to resolve this discovery dispute, Mr. Weinstein will supplement his document production to produce the insurance policies pursuant to which coverage for this action has been sought.

Fourth, Plaintiff proposes that she be provided access, in conjunction with Mr. Weinstein, to the "eight million documents" that were obtained for use in all civil litigations and government investigations of Mr. Weinstein. Although she falsely represents that Mr. Weinstein "refuses" to permit such access, what she neglects to mention is Mr. Weinstein's serious and known concerns relating to matters of privilege. In this regard, in a joint letter to the Court dated May 7, 2019, Mr. Weinstein advised Plaintiff of his concerns that the TWC database likely contains emails between Mr. Weinstein and his corporate in-house counsel as well as his personal counsel that are privileged. The exposure and production of such email communications threatens a waiver of the attorney-client protections afforded to Mr. Weinstein, which is why he proposed a right of first review. Regardless, it is our understanding that TWC has a proper ESI protocol in place that has addressed those privilege concerns. Even with the understanding that Mr. Weinstein is not in control of TWC's e-mail database, Plaintiff has not taken any steps to respond to Mr. Weinstein's concerns or to further seek access to this database. As such, no one has "refused" Plaintiff access to anything. Plaintiff has simply chosen not to prosecute her claims.

Lastly, Plaintiff vaguely demands production of an "explosive memo" by Lauren O'Connor dated November 3, 2015, but fails to specify any details with respect to such memo, such as the allegations contained therein or who the memo was even addressed to. As such, Mr. Weinstein is unable to respond to such a vague request. Moreover, Ms. O'Connor is not part of this case and Plaintiff's letter neglects to offer any explanation as to why this "memo" is relevant.

### B. Plaintiff's Response to Defendant's Deficiency Letter

On October 12, 2019, Mr. Weinstein served a discovery deficiency letter upon Plaintiff outlining the various areas in which Plaintiff's responses to his document demands and request for production were inadequate. This letter requested that Plaintiff cure the deficiencies in her response by October 18 or alternatively, meet and confer to discuss discovery issues. Plaintiff ignored Mr. Weinstein's correspondence and now, after being ordered by the Court, belatedly raises objections to some of his requests in her latest correspondence to the Court. Importantly, although Mr. Weinstein highlights Plaintiff's deficiencies in 16 document requests, Plaintiff only addresses *four* categories in his correspondence.

Hon. Paul A. Engelmayer, U.S.D.J.
November 12, 2019
Page 4

<u>Plaintiff's Computation of Damages</u>:  Plaintiff objects to providing a computation of damages with respect to her pain and suffering and defers to the jury to determine an award because "every person's degree of suffering is different." However, as explained in Mr. Weinstein's deficiency letter dated October 12, 2019, Plaintiff has no basis to object to such request, especially in light of the fact that Plaintiff stated that her damages amounted to $30 million dollars in her Rule 26 Initial Disclosures. As such, she is required to produce documents that evidence the basis for such a demand.

<u>Lost Earnings</u>:  Plaintiff's objection to this demand is nonsensical. It is elementary that Plaintiff has an obligation to mitigate her claimed lost earnings damages by finding alternate employment. Thus, any salaries Plaintiff earned during the Relevant Period is relevant and discoverable, including W-2 and 1099 forms issued to her as well as documents relating to her efforts to secure employment. Plaintiff claims that "due to the complete absence of discovery from Defendants" she is unable to respond to this demand because she did not have "the opportunity to obtain any information regarding Defendant's conduct as related to third parties with respect to the employability of Ms. Canosa." She further claims that that due to the "lack of discovery" she does not know what "Mr. Weinstein may have done with respect to Plaintiff's career." Plaintiff's objection to provide documents on this speculative basis is not only presumptuous, but also unfounded as she has not articulated a specific demand for documents regarding Mr. Weinstein's alleged communications with third parties. As such, Plaintiff has no reasonable basis to object to producing documents pursuant to this standard request. More importantly, the documents responsive to this request – earnings statements, W2s, evidence of other employment – are all exclusively in the possession of Plaintiff. Moreover, a quick search on the internet highlights the multiple companies Plaintiff has worked at in the last ten years. It is hard to believe that she cannot get this requested information.

<u>Collateral Offsets</u>:  In Request No. 27 in his First Request for the Production of Documents dated August 14, 2019, Mr. Weinstein requested "all documents which relate to any claim Plaintiff made for any type of government (federal, state or local) benefit assistance (including, but not limited to, unemployment benefits), since January 1, 2010, including any documents that reflect the disposition of such claim(s). Plaintiff responds to Mr. Weinstein's request by stating that "Plaintiff does not have collateral source offsets for her mental health treatment as she pays out of pocket." Such response is incomplete as she does not address what other benefits she received (if any), such as unemployment benefits, worker's compensation benefits, etc. These documents are relevant to Plaintiff's claims for damages and necessary for an accurate calculation of Plaintiff's lost earnings.

<u>Psychotherapy Treatment Notes</u>:  Plaintiff claims that she has suffered from severe emotional distress, yet has only produced one summary report from Jillian Kleiner, M.D., with no date, and correspondence from Debra R. Brunsten, LMFT dated June 4, 2019.  Plaintiff has put her mental and physical condition into controversy by asserting claims of emotional distress, and therefore, Mr. Weinstein is entitled to obtain her complete medical records from January 1, 2009 to present, including authorizations for any medical providers, pharmacies, and hospitals.  Of note, Plaintiff only states an objection with respect to psychotherapy notes, not her medical records pertaining to her medical and

psychiatric treatment. Therefore, Mr. Weinstein reiterates his request for relevant documents and executed HIPAA authorizations.

### C. Subpoenas

Plaintiff argues that she will not accept service of subpoenas on behalf of her father, Frank Canosa, or her husband, Ariel Heller, and will move to quash if served. Plaintiff as well as Mr. Weinstein's document production evidences that Frank Canosa has knowledge of her professional and/or friendly relationship with Mr. Weinstein, which Mr. Weinstein is entitled to explore through discovery.  With respect to Mr. Heller, as Plaintiff's spouse, he undoubtedly has relevant information with respect to Plaintiff's damages. Specifically, any medical treatment she has sought, her earnings, and any emotional distress damages. Plaintiff does not address whether she is willing to accept service of a subpoena on behalf of Ryan Judd, who we believe has knowledge of Plaintiff's personal relationship with Mr. Weinstein as he appears on several e-mails produced by Plaintiff herself.  As such, Plaintiff should advise if she is willing to accept service or provide the last known addresses for Frank Canosa, Ariel Heller and Ryan Judd.

We request a conference with the Court and that Plaintiff's counsel be compelled to cure the outstanding discovery issues, and that the deadline for the completion of document discovery be extended in light of Plaintiff's failure to provide all relevant discoverable information. We further request a conference with this Court regarding Mr. Weinstein's request that discovery be stayed for all parties from December 1, 2019, through April 1, 2020.

Respectfully,

*Elior D. Shiloh*

Elior D. Shiloh of
LEWIS BRISBOIS BISGAARD & SMITH LLP

EDS
Enclosures

cc:     All counsel of record (ECF)