UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ALEXANDRA CANOSA,

        Plaintiff,        18 Civ. 4115 (PAE)

     -v-           <u>ORDER</u>

HARVEY WEINSTEIN, THE WEINSTEIN
COMPANY HOLDINGS, LLC, and THE WEINSTEIN
COMPANY, LLC,

        Defendants.

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

  The Court has reviewed plaintiff Alexandra Canosa's letters, Dkt. 187 ("Canosa Letter"), Dkt. 190 ("Canosa Reply"), defendant Harvey Weinstein's letter, Dkt. 188 ("Weinstein Letter"), and a letter from defendants The Weinstein Company LLC, and The Weinstein Company Holdings, LLC (together, "TWC"), Dkt. 189 ("TWC Letter"), addressing and/or asking the Court to revisit aspects of its November 14, 2019 discovery order, *see* Dkt. 186 ("Discovery Order"). The Court rules as follows:

  1.  In his November 6, 2019 discovery letter, plaintiff's counsel stated that he had "recently served a second demand for documents" on defendants, to which he "anticipate[d] more oppositional responses." Dkt. 181 at 2. The demand for documents, which was attached to plaintiff's counsel's letter, was dated October 8, 2019. *See* Dkt. 181-3 at 11. The Court took plaintiff's counsel to represent that the demand for documents had been served on or about that date (October 8). On that basis, the Court ordered both defendants to respond to these requests, which appeared to have been outstanding for a month. Discovery Order at 6. It is now clear,

however, that plaintiff's counsel's implied but unavoidable representation that service on Weinstein had been made on or about October 8 was false. Plaintiff's counsel, in fact, did not serve defendants with these requests until 11:59 p.m. on November 6, 2019, one minute before the close of fact discovery. Dkt. 188-1 at 1; Dkt. 190-1 ("Canosa Email") at 1.[1]

The Court is disquieted by plaintiff's counsel's misleading and deceptive representations to the Court as to the date of service of his requests for production.[2] The requests had not, in fact, been disregarded by the defense, as plaintiff's counsel implied in his November 6, 2019 letter, but had not been served on the defense. In consequence, the Court holds that plaintiff's counsel forfeited the right to pursue such discovery, first by failing to timely pursue it, and later by dissembling to the Court about it. Plaintiff's counsel could not have expected a discovery request, served one minute before the close of fact discovery and contemporaneous with the letter to the Court complaining about defendants' lack of production, to be complied with within the period for fact discovery. Weinstein and TWC therefore need not respond to the plaintiff's untimely second round of requests for production. The Court quashes these requests.[3]

---

[1] TWC represents that it was never served with the second round of production requests. TWC Letter at 1. Plaintiff's counsel states that on November 6, 2019 he sent the second round of requests to Karen Bitar, "the TWC attorney we had last been in touch with." Canosa Reply at 2. The Court need not resolve this dispute because even if plaintiff's counsel did properly serve TWC, such service did not take place until 11:59 p.m. on November 6, 2019. *See* Canosa Email at 1.

[2] Plaintiff's counsel attempts to downplay his representation to the Court, by attaching, to his reply letter, an email that was associated with the second round of discovery requests. *See* Canosa Email. This email, which was sent at 11:59 p.m. on November 6, 2019, states, "Attached please find the documents being filed today." *Id.* Plaintiff's counsel, however, did not submit this email to the Court until his reply letter filed last night, making his earlier representation that the second round of discovery requests, dated October 8, 2019, were "recently served" highly misleading.

[3] In his letter of last night, plaintiff's counsel argues that he complied with the Court's instruction, at a late afternoon conference held on November 6, 2019, to submit any discovery demands by midnight. Canosa Reply at 3. Counsel is wrong. The Court instructed plaintiff's

2

2. Weinstein also requests that the Court reconsider its recent ruling as to the third-party subpoenas. Weinstein Letter at 2. The Court will do so. It is now clear that Weinstein requested that plaintiff's counsel provide the last-known addresses for Frank Canosa, Ariel Heller, and Ryan Judd in a letter dated October 12, 2019, *see* Dkt. 180-1 at 1, and that plaintiff's counsel failed to respond to that letter or to provide such addresses, Weinstein Letter at 3. Weinstein was therefore impeded from issuing such subpoenas before the close of fact discovery. And Weinstein raised this issue in his November 1, 2019 letter to the Court, sufficiently before the close of fact discovery to enable the Court to act. The Court accordingly now orders plaintiff's counsel to provide these addresses, in writing, by November 22, 2019. Weinstein is ordered to serve these subpoenas by November 27, 2019. These three individuals will then have until December 6, 2019 to respond and provide any documents to Weinstein. For avoidance of doubt, the November 27, 2019 deadline for all other documents, and corresponding privilege logs, remains in effect.

SO ORDERED.

                                                                            _____
                                                                            PAUL A. ENGELMAYER
                                                                            United States District Judge

Dated: November 21, 2019
           New York, New York

---

counsel that any *deficiency letter* raising discovery disputes—*i.e.*, challenging a failure by the defense to comply with outstanding discovery requests—was due by that time. The Court nowhere stated that it would treat a demand for discovery first filed one minute before the deadline for completing fact discovery as timely.

3