UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALEXANDRA CANOSA,

                Plaintiff,

    - against -

DIRK ZIFF, TIM SARNOFF, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, JEFF SACKMAN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN and DOES 1-10,

                Defendants.

-------------------------------------------------------------------X

1:18-cv-04115 (PAE)

# DEFENDANT HARVEY WEINSTEIN'S MEMORANUDM OF LAW IN SUPPORT OF **<u>MOTION TO STAY</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1
STATEMENT OF FACTS ...................................................................................................... 2
ARGUMENT ............................................................................................................................. 3
   I. MR. WEINSTEIN'S POOR STATE OF HEALTH AT THIS TIME REQUIRES A STAY OF HIS DEPOSITION. ................................................................................................ 3
   II. THE PENDING CRIMINAL ACTION IN LOS ANGELES COUNTY WARRANTS A STAY .............................................................................................................................. 4
- Factor One: There is Substantial Overlap With Issues Presented in the Civil and Criminal Actions ........................................................................................................ 6
- Factor Two: Mr. Weinstein's Indictment and/or Arraignment is Certain, and but for COVID-19, Imminent. ............................................................................................... 7
- Factors Three and Four: A Stay is in the Interest of Both Parties. ............................. 7
- Factors Five and Six: A Stay is in the Best Interest of The Court and The Public. ... 8

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Am. Express Bus. Finance v. RW Prof. Leasing*, 225 F. Supp. 2d 263, 265
 (E.D.N.Y. 2002) .................................................................................................................. 8
*Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) ............................................................... 5
*Corbin v. Federal Deposit Ins. Corp.*, 74 F.R.D. 147, 149-50
 (E.D.N.Y. 1977) .................................................................................................................. 8
*Crawford & Sons v. Besser*, 298 F. Supp.2d 317, 319 (E.D.N.Y. 2004) ................................... 6, 9
*Green v. Cosby,* 177 F. Supp. 3d 673, 680 (D. Mass. 2016) ............................................................ 9
*In re Adelphia Communs. Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736 at *7
 (E.D. Pa. May 14, 2003) ................................................................................................ 5, 8, 9
*In re Ivan F. Boesky Sec. Litig.,* 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ........................................... 9
*Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003) ....................................... 5, 8, 9
*Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 97
 (2d Cir. 2012) .............................................................................................. 2, 4, 5, 6, 7
*Maloney v. Gordon*, 328 F. Supp.2d 508, 510 (D. Del. 2004) ............................................. 5, 6, 8, 9
*SEC v. Blaszcak*, 17-civ-3919, 2018 U.S. Dist. LEXIS 2289, *4
 (S.D.N.Y. Jan. 3, 2018) ...................................................................................................... 5
*SEC v. Telexfree, Inc.*, 52 F. Supp. 3d 349, 353 (D. Mass. 2014) ................................................... 9
*Stamile v. County of Nassau*, 10-Civ-2632, 2011 U.S. Dist. LEXIS 18697
 (E.D.N.Y. Jan. 31, 2011) .................................................................................................. 7
*Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*,
 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ........................................................................ 5, 6, 7
*United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995). ......................................... 2, 5
*United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ...................................................................... 5
*United Techs. Corp. v. Dean*, 906 F. Supp. 27, 28 (D. Mass. 1995) ............................................. 8
*Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993) ......................................... 7
*Walsh Securities, Inc. v. Cristo Prop. Mgmt, Ltd.*, 7 F. Supp. 2d 523, 527
 (D.N.J. 1998) .................................................................................................................. 5, 9

**STATUTES**

18 U.S.C. Section 1591 .................................................................................................................. 2
California Civil Code Section 1708.5 ............................................................................................. 2
California Civil Code Section 52.4 ................................................................................................. 2

**PRELIMINARY STATEMENT**

Defendant Harvey Weinstein submits this memorandum of law in support of his motion to stay this proceeding due to (a) his current poor state of health which makes the conducting of his deposition practically impossible; and (b) pending resolution of a criminal case in Los Angeles County, California, in which he has been charged with multiple felony counts pursuant to an amended felony complaint filed on October 2, 2020, for which he faces extradition.

Mr. Weinstein's health has had a dramatic decline this week, as heavily reported in the media. These health concerns make it practically impossible to conduct his deposition and impedes his fundamental right to participate in his defense. Therefore, on these grounds alone the deposition should be stayed.

Mr. Weinstein is currently facing criminal charges in Los Angeles for alleged sexual misconduct. These allegations directly relate to the conduct underlying this action. It is well established that a civil matter should be stayed pending a criminal action that involves parallel conduct. Where the two matters are so greatly related, the defendant is put at severe risk of incrimination. Here, Plaintiff Alexandra Canosa ("Plaintiff") alleges that Mr. Weinstein sexually assaulted and raped her. Notwithstanding Mr. Weinstein's vehement denials of these salacious accusations, and evidence to support that any sexual relationship was completely consensual, these allegations closely resemble the charges of sexual misconduct in the Los Angeles County District Attorney's Office. Therefore, considering the overlap in the civil and criminal actions, a stay must be granted.

In the absence of a stay, Mr. Weinstein's constitutional rights to defend himself against the criminal allegations are unreasonably and unfairly burdened. Mr. Weinstein would be forced to make "the difficult choice between being prejudiced in the civil litigation," if he asserts his Fifth

1

Amendment privilege, "or from being prejudiced in the criminal litigation if he ... waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 97 (2d Cir. 2012) (citing *United States v. 4003-4005 5th Ave.,* 55 F.3d 78, 83 (2d Cir. 1995). Clearly, under fundamental principles of due process, Mr. Weinstein is entitled to a stay of this civil action pending resolution of the criminal charges in Los Angeles.

## STATEMENT OF FACTS

Plaintiff filed an Amended Complaint on October 4, 2018, consisting of twenty-two (22) causes of action against Mr. Weinstein, The Weinstein Company Holdings, LLC ("TWCH"), The Weinstein Company, LLC ("TWC"), as well as former directors and board members of TWC. The allegations pertaining to Mr. Weinstein include battery, assault, intentional infliction of emotional distress, intentional and negligent infliction of emotional distress, sexual assault, violation of New York State and New York City Human Rights Laws, *quid quo pro* harassment, hostile work environment, violation of 18 U.S.C. Section 1591, sexual battery in violation of California Civil Code Section 1708.5, gender violence in violation of California Civil Code Section 52.4, false imprisonment, sex discrimination - disparate impact, hostile work environment based on sex, and violations of the Racketeering Influenced and Corrupt Organizations Act. (Amended Complaint, ¶¶ 186-550).

On February 24, 2020, Mr. Weinstein was convicted of committing a criminal sex act in the first degree and rape in the third degree. He is serving a twenty-three-year (23) sentence at Wende Correctional facility in Alden, New York. Currently, Mr. Weinstein's health is in critical condition. Mr. Weinstein suffers from a severe heart condition in addition to high blood pressure and spinal stenosis. In light of these underlying disorders, Mr. Weinstein is at a heightened risk of contracting the COVID-19 virus. As of the date of this document, Mr. Weinstein has exhibited

2

symptoms of the coronavirus including a 101-degree fever and has been quarantined. Due to the increased risk of COVID-19 infection, superimposed on already debilitating medical conditions, combined with the inability to sit for a deposition nor participate in his defense, a stay of Mr. Weinstein's deposition is warranted.

Mr. Weinstein is now facing extradition to Los Angeles County pursuant to an amended felony complaint dated October 2, 2020. The complaint consists of 11 felony charges: four counts of oral copulation by use of force, violence, duress, menace or fear of immediate and unlawful bodily injury; one count of sexual penetration by use of force, violence, duress, menace or fear of immediate and unlawful bodily injury; four counts of rape by use of force, violence, duress, menace or fear of immediate and unlawful bodily injury; and two counts of sexual battery by restraint. Annexed hereto as **Exhibit A** is the October 2, 2020 criminal complaint. The extradition of Mr. Weinstein has been placed on hold due to the global COVID-19 pandemic in recognition of dire risks to his already poor state of health. For the same reasons, and because of the pending criminal matter, Mr. Weinstein's deposition should be stayed.

## ARGUMENT

### I. MR. WEINSTEIN'S POOR STATE OF HEALTH AT THIS TIME REQUIRES A STAY OF HIS DEPOSITION.

Mr. Weinstein's current state of health necessitates a stay of his deposition. Just this week, Mr. Weinstein suffered further impairment and illness necessitating a quarantine and emergent care. Mr. Weinstein suffers from diabetes mellitus, extensive coronary artery disease with calcium score 1500, anginal syndrome and diffuse moderate coronary artery disease documented this year by angiography, obstructive sleep apnea, chronic lower back pain, significant sciatica with neuropathy, chronic leg pain and arthritis with severe limitations of ability to walk, anemia, hypertension, hyperlipidemia, ailments of his eyes that have severely degraded his vision, and has

3

underwent several surgeries in the past year. The multitude of health conditions that Mr. Weinstein suffers from places him in extreme danger of life-threatening complications if he should contract COVID-19. As stated *supra,* Mr. Weinstein is currently under strict observation and care due to fevers and illness. These considerations make the deposition, even remotely, of Mr. Weinstein practically impossible, and dangerous to his health. Thus, a stay is warranted on these health considerations alone.

To the extent that Plaintiff may wish to depose Mr. Weinstein at this time, not only would Mr. Weinstein suffer gross prejudice, but Plaintiff's case will also be severely impaired by the production of a defendant in extremely poor health. Therefore, it is in the interest of justice to grant a stay of Mr. Weinstein's deposition so that Plaintiff has an opportunity for a robust discovery process, and Mr. Weinstein can fully participate in his defense.

## II. THE PENDING CRIMINAL ACTION IN LOS ANGELES COUNTY WARRANTS A STAY.

Mr. Weinstein should be granted a stay in this case as he is currently under criminal prosecution in the State of California. In this case, Plaintiff sets forth allegations of sexual assault and rape, the same type of conduct underlying the charges in the criminal proceeding in Los Angeles. A stay is warranted as Mr. Weinstein should be allowed to defend himself against the claims in this civil action without also providing testimony or other information which could be utilized in the prosecution against him. Furthermore, a stay is warranted to preserve Mr. Weinstein's Fifth Amendment right against self-incrimination.

As mentioned above, "[a] stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Louis Vuitton,* 676 F.3d at 97 (citing *United States v. 4003-4005 5th Ave.,* 55

4

F.3d 78, 83 (2d Cir. 1995)). Moreover, the Supreme Court of the United States has consistently held that "[t]he Fifth Amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) (internal citations omitted). Therefore, in order to avoid the conflict created by parallel civil and criminal proceedings, courts may stay civil matters "pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action [...]." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (internal citations omitted).

When presented with a motion to stay, the Second Circuit looks to "the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment [...]." *Louis Vuitton,* 676 F.3d at 97 (internal citations omitted). Courts weigh six factors to make this determination: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendant has been indicted; 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; 4) the private interests of and burden on the defendant; 5) the interests of the courts; and 6) the public interest. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *SEC v. Blaszcak*, 17-civ-3919, 2018 U.S. Dist. LEXIS 2289, *4 (S.D.N.Y. Jan. 3, 2018); *In re Adelphia Communs. Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736 at *7 (E.D. Pa. May 14, 2003); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Securities, Inc. v. Cristo Prop. Mgmt, Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). *See also Maloney v. Gordon*, 328 F. Supp.2d 508, 510 (D. Del. 2004).

Here, all six factors weigh in favor of granting Mr. Weinstein's motion to stay. First, the extent to which the issues overlap in the criminal and civil case is substantial. Second, Mr. Weinstein is awaiting extradition and the status of the criminal case in Los Angeles is ongoing. Furthermore, the private interests and burden on Mr. Weinstein's Fifth Amendment rights overwhelmingly outweighs Plaintiff's private interests in an expeditious resolution. Finally, it will allow the criminal prosecution to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case. Certainly, "[t]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Maloney v. Gordon,* 328 F. Supp. 2d at 510 (citing *Javier H.*, 218 F.R.D. at 75).

- **Factor One: There is Substantial Overlap With Issues Presented in the Civil and Criminal Actions**

Courts weigh the extent to which the issues in the criminal case overlap with those presented in the civil case because self-incrimination is more likely if there is a significant overlap. *Transworld*, 886 F. Supp. at 1139. Where the civil and criminal actions involve the same subject matter, a stay is likely to be granted. *See Crawford & Sons v. Besser*, 298 F. Supp.2d 317, 319 (E.D.N.Y. 2004) (granting stay of all proceedings including service of answers pending resolution of parallel criminal action). Here, the subject matter in both cases are similar — allegations of sexual misconduct.

The civil and criminal actions do not need to be premised on identical facts to create a strong risk of self-incrimination. *See Louis Vuitton*, 676 F.3d at 98. Without a doubt, testimony in a related civil action may constitute an admission of criminal conduct in a criminal prosecution because, "[e]ven where it would not be direct evidence of wrongdoing with respect to the scheme charged in the criminal case, such testimony may be admissible as Fed. R. Evid. 404(b) evidence in any criminal trial." *Id.* (internal citations omitted). Here, the civil case and pending criminal

6

charges stem from the same underlying alleged conduct: sexual assault, rape, and Mr. Weinstein's alleged pattern and practice of using his position at TWC to facilitate sexual misconduct (See Amended Complaint at ¶¶ 35-48).

- **Factor Two: Mr. Weinstein's Indictment and/or Arraignment is Certain, and but for COVID-19, Imminent.**

The amended felony complaint was filed on October 2, 2020 amidst the global COVID-19 pandemic. If the justice system were operating under normal circumstances, Mr. Weinstein would likely already be in California, indicted and arraigned on charges. However, because of the concerns surrounding COVID-19, Mr. Weinstein's extradition was postponed.

It is undisputed that "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Transworld,* 886 F. Supp. at 1139 (granting stay pending related criminal proceeding), *see also Louis Vuitton,* 676 F.3d at 101 ("There is considerable authority for the principle that a stay is most justified where a movant [...] is already under indictment for a serious criminal offense and is required at the same time to defend a civil action involving the same subject matter").

Nevertheless, in consideration of the unique situation presented by the COVID-19 pandemic, the fact that an upcoming indictment and/or arraignment is certain and imminent should weigh in favor of granting a stay. *See Stamile v. County of Nassau*, 10-Civ-2632, 2011 U.S. Dist. LEXIS 18697 (E.D.N.Y. Jan. 31, 2011) (granting stay where defendant's indictment indicated that the criminal action had proceeded beyond the investigatory stage).

- **Factors Three and Four: A Stay is in the Interest of Both Parties.**

The prejudice to Mr. Weinstein and burden on his constitutional rights outweigh Plaintiff's interests. *See Volmar Distribs. v. N.Y. Post Co*., 152 F.R.D. 36, 40 (S.D.N.Y. 1993) (granting stay and holding that while the stay will be an inconvenience and delay to plaintiffs, "under settled

authority the Fifth Amendment is the more important consideration."). *See also United Techs. Corp. v. Dean*, 906 F. Supp. 27, 28 (D. Mass. 1995) (quoting *Corbin v. Federal Deposit Ins. Corp.*, 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977) ("Nonetheless, while a stay may cause some inconvenience and delay to [Plaintiffs], 'protection of defendant's constitutional rights against self-incrimination is the more important consideration.")). "Furthermore, because the civil and criminal issues are so closely intertwined, [Mr. Weinstein] may be put to the choice of invoking [his] Fifth Amendment rights sooner than he ought, if discovery in the civil case is allowed to proceed [against him] in any capacity, *see Javier H.,* 218 F.R.D. at 75 (citation omitted), and he also run[s] the risk of exposing [his] criminal defense strategies to the government, *see In re Adelphia,* 2003 U.S. Dist. LEXIS 9736 at \*14." *Maloney,* 328 F. Supp. 2d at 512. *Accord Am. Express Bus. Finance v. RW Prof. Leasing*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002)(stating that failure to grant a stay may expose defense theories to prosecution or otherwise prejudice the criminal case).

Plaintiff certainly has a legitimate interest in in the expeditious resolution of this case. However, Plaintiff also has an interest in the Defendant's active participation in the discovery process. To the extent that Plaintiff may wish to depose Mr. Weinstein, Plaintiff's case would be severely impaired by the production of a defendant in extremely poor health. Therefore, it is in the interest of justice to grant a stay for this case so that Plaintiff has an opportunity for a robust discovery process.

- **Factors Five and Six: A Stay is in the Best Interest of The Court and The Public.**

The most significant harm presented to the Court is a delay in the resolution of this case. For that reason, this stay is sought only as to Mr. Weinstein so that the case may proceed forward against the other Defendants.

Granting the stay will promote judicial efficiency. The outcome of the criminal proceedings may guide the parties in settlement discussions or eliminate the need to litigate some or all of the

8

issues in this case. *Maloney,* 328 F. Supp. 2d at 513. As the *Maloney* court explained: If the civil action is stayed until the conclusion of the criminal proceedings, then it obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. [*In re Adelphia,* 2003 U.S. Dist LEXIS at *15] (citing *Walsh Securities,* 7 F.Supp.2d at 528); *see also Javier H.,* 218 F.R.D. at 75 ("[B]y proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.") (citation omitted).

Additionally, granting a stay will not harm the public interest. The fundamentals of our legal system provide that the public's interest is best served through the criminal proceeding. Indeed, "the public interest in the criminal case is entitled to precedence over the civil litigant." *In re Ivan F. Boesky Sec. Litig.,* 128 F.R.D. 47, 49 (S.D.N.Y. 1989). *See also Crawford & Sons,* 298 F. Supp.2d at 319 ("the public's interest is also served by preserving the integrity of the criminal case"). Additionally, "to the extent any evidence produced by Defendant in discovery here could influence the criminal case, the court notes that 'the public interest in unimpeded criminal law enforcement outweighs the civil interests here." *Green v. Cosby,* 177 F. Supp. 3d 673, 680 (D. Mass. 2016)(quoting *SEC v. Telexfree, Inc.*, 52 F. Supp. 3d 349, 353 (D. Mass. 2014)). Therefore, staying this case will promote judicial efficiency, will preserve judicial resources, and will streamline other aspects of litigation process.

## CONCLUSION

For the reasons set forth herein, this Court should enter an order staying Harvey Weinstein's deposition in this matter, due to his poor state of health, and pending resolution of the ongoing criminal case against Mr. Weinstein.

9

Dated: November 19, 2020
New York, New York

        Respectfully Submitted,

        **AIDALA, BERTUNA & KAMINS, PC**

By: _/s/ Imran H. Ansari_

**IMRAN H. ANSARI**
*Attorney for Defendant Harvey Weinstein*
546 5th Avenue, 6th Floor
New York, New York 10036
iansari@aidalalaw.com
Tel.: (212) 486-0011

10