# RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP

551 FIFTH AVENUE, 29TH FLOOR
NEW YORK, NEW YORK 10176
Tel: (212) 684-1880
Fax: (212) 689-8156
www.rheingoldlaw.com

DAVID B. RHEINGOLD◊
THOMAS P. GIUFFRA♦
EDWARD A. RUFFO♦
SHERRI L. PLOTKIN♦
JEREMY A. HELLMAN♦

Of Counsel
PAUL D. RHEINGOLD‡●

*Also Admitted In*:

D.C. ‡
Virginia ◊
New Jersey ♦
Massachusetts ●

December 4, 2020

Hon. Paul A. Engelmayer, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

      Re:   Alexandra Canosa v. Harvey Weinstein, et al.
              No. 18 Civ. 4115 (PAE)

Dear Judge Engelmayer:

      We represent plaintiff, Alexandra Canosa in this matter. We write to request a specific order from the Court that plaintiff's deposition, and non-party depositions, be held remotely, and for permission to file a formal motion to that effect if an additional evidentiary showing is needed.

      In a letter-motion filed on November 13, 2020, I, in part, requested that plaintiff's deposition be held remotely due to the worsening infection-rate of COVID coupled with the condition of Thomas Giuffra, the lawyer from our firm who will be handling this deposition (ECF 261). On November 16, 2020, the Court ordered that "To the extent that in-person depositions are not viable in light of public health considerations, the parties are authorized and expected to conduct remote depositions." (ECF 262, **Exhibit 1**).

      I had believed that this settled the issue, and that since Ms. Canosa resides in Los Angeles, her deposition would be held remotely. Indeed, that was a primary reason we sought remote depositions in our letter of November 13, 2020, which was addressed by the Court's order of November 16, 2020. However, on November 20, 2020, I received word from both defense attorneys indicating their continued desire to hold the deposition of Ms. Canosa in person despite the Court's order. Counsel for Mr. Weinstein indicated he would write to the Court regarding this position. I responded that we did not consent to holding the deposition in person. Yesterday I inquired of counsel if he would be writing to the Court. In response, I received a formal notice of deposition (from each defense counsel) demanding Ms. Canosa's deposition take place in person in Los Angeles in Seyfarth Shaw's Los Angeles office (**Exhibit 2**; **Exhibit 3**). We are thus at an impasse.

It is plaintiff's position that the Court's prior order of November 16, 2020 already settled this issue, and no additional Court order is truly needed. However, since defense counsel does not see it this way, and this issue is gravely important to Ms. Canosa and her counsel, additional information is presented herein just in case same is in any way needed.

### The Worsening COVID Situation in California

Since the time that the Court's order of November 16, 2020 was issued, the COVID-situation in California has only gotten worse. According to Google's statistics, on the day prior to the Court's order (the last available day available for the Court's consideration) there were 8,965 new cases in California. On November 16, 2020 (the day of the Court's order), there were 11,379 new cases in California. Yesterday, by contrast, there were 18,041 new COVID cases in California. The numbers have only been skyrocketing since the Court's last order. In response, Los Angeles has issued strict new requirements forbidding non-essential indoor gatherings until (at least) December 20, 2020 (**Exhibit 4**), and an apparently even more restrictive order was issued on December 2, 2020 (**Exhibit 5**). While such orders *might* not be in effect on the designated January 15, 2021 deposition date, the orders are not the only issue. Just because a deposition may in the future be *legal* does not mean that it is a health risk worth taking when a remote deposition is available.

### The Problems With Any Extensive Indoor Deposition

Even when indoor gatherings are otherwise permitted by the government, the prevailing medical wisdom is that we should minimize such interactions as much as possible. Every day there are new articles that come out describing safety risks of indoor meetings, even amongst those wearing masks, and even among healthy individuals. Even right now, the Southern District is not holding in-person conferences. These risks are certainly heightened when the indoor meeting will be taking many hours, since even when socially distanced, particles build up in the room over time. Taking this extensive deposition live would literally be putting lives at risk, and that is before even taking into account Mr. Giuffra's medical condition.

The problems are exacerbated by the fact that Ms. Canosa is presently nursing her newborn son. An extensive in-person deposition would require that Ms. Canosa be in close proximity to her son so that she can nurse him during breaks. Since her son is less than a year old, he would be exposed to whatever area Ms. Canosa happens to be in, and cannot mask. Attached as **Exhibit 6** is a Declaration from Ms. Canosa detailing this issue, and showing her strict level of conduct during this pandemic.

### The Problems With Defendant's Proposals

Defense counsel has proposed several methods for having this deposition live, and each will be discussed below separately.

In correspondence sent to us on November 20, 2020, counsel for both defendants suggested that I handle this deposition instead of Mr. Giuffra, since I do not have any known underlying

conditions.[1] I responded that I would not go. Mr. Giuffra is our trial attorney and the person who our firm has designated (with good reason) to handle this deposition. When our firm initially consented to handling this deposition in person, it was only in contemplation of Mr. Giuffra handling it, and only then given the prior COVID situation. As discussed in our letter of November 13, 2020 (ECF 261), circumstances changed. I personally believe that this deposition, and the travel it would require, poses significant health risks that I am unwilling to take as they would not only put me at risk, but my wife and four young children. Additionally, I have not been removing my masks and goggles indoors for eating, drinking or breathing (except at home, or in my private work space), which would make the travel, and deposition, a tremendous ordeal, and I would not want to think about what would happen if there were any flight delays or rerouting. Additionally, all the problems with indoor depositions and the specific problems for Ms. Canosa apply here as well.

In correspondence sent to us on November 20, 2020, counsel for Mr. Weinstein suggests we retain local counsel to appear in person. We rejected this proposal. As discussed above, Mr. Giuffra should be handling this deposition, and we should not have to incur the great expense of hiring local counsel, especially when Ms. Canosa has no experience with whoever this may be, and if we can even find someone competent and trustworthy. Additionally, all the problems with indoor depositions and the specific problems for Ms. Canosa apply here as well.

In correspondence sent to us on November 20, 2020, it is also suggested that defense attorneys appear in person with Ms. Canosa, and Mr. Giuffra appears virtually, with defense counsels agreeing not to speak to Ms. Canosa except when Mr. Giuffra is on camera. We rejected this proposal. We submit that this is not an appropriate way to conduct a deposition, and particularly not where the allegations are sensitive and the litigation contentious. Additionally, all the problems with indoor depositions and the specific problems for Ms. Canosa apply here as well.

Based on the above, we request a specific order requiring plaintiff's deposition, and all non-party depositions (as same are either in California, or are all expected to take an extensive period of time), to be conducted remotely, pursuant to FRCP §26(b)(2)(C)(i), FRCP §26(c)(1)(A, B, C, E), FRCP §45 and FRCP §30(d)(3)(A, B).

The current situation makes an in-person deposition in Los Angeles impossible. While the Court has issued a deadline of January 29, 2021 for depositions to be completed, other cases have had their deadlines extended (**Exhibit 7**, **Exhibit 8**), as the confirmation hearing in the bankruptcy proceeding which may force a settlement on this case, is scheduled for January 14, 2021. If the deadlines were pushed off far enough, it is possible a time could come that the deposition could be held safely in person.

Thank you for your consideration in this matter.

Respectfully submitted,

Jeremy A. Hellman

---

[1] As discussed in our letter of November 13, 2020 (ECF 261), Mr. Giuffra relates that he has a history of lung related illnesses including sarcoidosis and recurrent pneumonia.

CC:

AIDALA BERTUNA & KAMINS, PC
*Attorneys for Defendant Harvey Weinstein*
iansari@aidalalaw.com

SEYFARTH SHAW LLP
*Attorneys for Defendants The Weinstein Company, LLC, The Weinstein Company Holdings, LLC*
kbitar@seyfarth.com; lsavadjian@seyfarth.com

The Court has been clear that, to the extent that in-person depositions are not viable in light of public health consideration, the parties are authorized and expected to conduct remote depositions. Dkt. 262. Counsel for Ms. Canosa have articulated why, in light of the state of the public health crisis in Los Angeles, an in-person deposition of Ms. Canosa poses health risks both to Ms. Canosa and her trial counsel. Unless current conditions have significantly improved by the date of Ms. Canosa's deposition, counsel for Mr. Weinstein are expected to conduct the deposition remotely.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

December 8, 2020