UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDRA CANOSA,

                              Plaintiff,

-v-

HARVEY WEINSTEIN, THE WEINSTEIN COMPANY
HOLDINGS, LLC, and THE WEINSTEIN COMPANY,
LLC,

                              Defendants.

18 Civ. 4115 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This order resolves a motion to stay *sine die* the deposition of defendant Harvey Weinstein ("Weinstein"). Weinstein requests a stay of his deposition on two grounds: that his present medical condition prevents him from sitting for his deposition and that his deposition should be stayed in light of an indictment of him anticipated in California. Because a limited stay is warranted in light of Weinstein's current medical condition, the Court does not have occasion to decide whether a stay would be warranted based on the California proceedings.

**I.    Background**

On October 4, 2018, plaintiff Alexandra Canosa ("Canosa") filed the first amended complaint in this case, bringing, *inter alia*, claims against Weinstein arising out of Canosa's employment. In a decision issued January 28, 2019, the Court sustained Canosa's common law claims against Weinstein for battery, assault, intentional infliction of emotional distress ("IIED"), sexual assault, false imprisonment, and her statutory claims under the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the Victims of

Trafficking and Violence Protection Act ("TVPA"), and California law. The Court dismissed all other claims against Weinstein. Dkt. 152.

On October 27, 2018, Weinstein requested a stay of all proceedings in this case pending the outcome of criminal charges against him in New York. Dkts. 123–26. On January 28, 2019, the Court denied this motion as overbroad, but did so without prejudice, permitting Weinstein to move to stay discrete aspects of the litigation, such as his deposition. Dkt. 153. The Court did not have occasion then to examine the merits of a stay of Weinstein's deposition.

On February 24, 2020, Weinstein was convicted of committing a criminal sex act in the first degree and rape in the third degree. He is currently serving a 23-year sentence in New York. *See* Dkt. 266 ("Weinstein Mem.") at 3.

On October 2, 2020, Los Angeles County filed an amended criminal complaint against Weinstein that included 11 felony charges, including, *inter alia*, rape and sexual battery. *See id.*; *see also* Weinstein Mem., Ex. A ("L.A. Complaint"). Weinstein faces extradition to California on these charges, but extradition has been delayed by the ongoing public health crisis. Weinstein Mem. at 3.

On November 19, 2020, Weinstein moved to stay his deposition in this case *sine die* due to his poor health and the anticipated indictment in Los Angeles County. *See* Dkt. 265. On November 24, 2020, Canosa filed an opposition. *See* Dkt. 268 ("Canosa Opp'n").

II. **Discussion**

Weinstein requests a stay of his deposition due to his poor health. Weinstein Mem. at 3–4. He explains that, as of the date of his motion, he was "under strict observation and care due to fevers and illness" which presently make even a remote deposition "practically impossible and dangerous to his health." *Id.* at 4. Weinstein represents that he suffers from a "multitude of

health conditions" that place him in danger of life-threatening complications should he contract COVID-19. *Id.*

Canosa does not oppose a stay of the deposition on the basis of Weinstein's health and agrees that, on this ground, a stay of some length may be necessary "for a meaningful deposition" to occur. Canosa Opp'n at 9. Canosa, however, opposes a stay *sine die*. *See id.*

The Court agrees that it is inadvisable, and to no party's benefit, to depose an individual who is or appears medically unfit to sit for a deposition. And it appears undisputed that such is Weinstein's present condition. Accordingly, in light of Weinstein's present medical condition, a stay of his deposition, whether to be taken remotely or in person, is appropriate. However, the Court will not stay Weinstein's deposition *sine die*. The Court instead stays this deposition until January 8, 2021. Weinstein is directed to file on the docket of this case, by December 30, 2020, a letter from his physician(s) stating whether Weinstein is fit to sit for a deposition, including a remote deposition. The Court will then assess whether a continued stay of the deposition is justified.

Weinstein separately seeks a stay of his deposition on the ground that he is the subject of a criminal investigation in Los Angeles that may result in his indictment. *See* Weinstein Mem. at 4; *see also id.*, Ex. A (Los Angeles County amended complaint). Because a stay on medical grounds is warranted, the Court need not determine whether a stay is justified, as Weinstein urges, to safeguard his Fifth Amendment rights. When the medical stay expires, Weinstein is at liberty to renew his bid for a stay on this ground.

## CONCLUSION

The Court finds that a limited stay is appropriate given Weinstein's health. Weinstein's deposition is stayed until January 8, 2021. Weinstein's physician letter indicating whether Weinstein is physically able to sit for a deposition, including a remote deposition, is due

December 30, 2020. This letter may be publicly filed in redacted form to the extent that the discussion of confidential medical information so justifies. The Clerk of Court is respectfully directed to terminate the motion pending at docket 266.

    SO ORDERED.

<em>Paul A. Engelmayer</em><br>
PAUL A. ENGELMAYER<br>
United States District Judge

Dated: December 9, 2020
       New York, New York