# RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP

551 FIFTH AVENUE, 29TH FLOOR
NEW YORK, NEW YORK 10176
Tel: (212) 684-1880
Fax: (212) 689-8156
www.rheingoldlaw.com

DAVID B. RHEINGOLD◊
THOMAS P. GIUFFRA♦
EDWARD A. RUFFO♦
SHERRI L. PLOTKIN♦
JEREMY A. HELLMAN♦

Of Counsel
PAUL D. RHEINGOLD‡●

*Also Admitted In*:

D.C. ‡
Virginia ◊
New Jersey ♦
Massachusetts ●

January 26, 2021

Hon. Paul A. Engelmayer, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

   Re: Alexandra Canosa v. Harvey Weinstein, et al.
      No. 18 Civ. 4115 (PAE)

Dear Judge Engelmayer:

  We represent plaintiff, Alexandra Canosa, in this matter. On December 9, 2020, Robert Weinstein was served with a subpoena to appear for a virtual deposition on January 20, 2021. Pursuant to his counsel's request, same was rescheduled to January 27, 2021. At counsel's request today, it was adjourned due to Mr. Weinstein's vaccine appointment. We have offered January 29, 2021 as an alternative date so that party/non-party discovery could be completed in accordance with the order of this Court, but his counsel seeks an indefinite adjournment.

  We have received correspondence from counsel for TWC and Robert Weinstein and will respond to each correspondence herein.

  Despite being a fact witness under subpoena and previously having been afforded an adjournment of his deposition, Mr. Weinstein's counsel refuses to agree to produce his client for a deposition. He states that based on the determination of the Bankruptcy Court which has approved the channeling injunction, that any deposition would be unnecessary. Counsel ignores the fact that Ms. Canosa still has the right to appeal the determination of the bankruptcy court and to proceed forward with her claims against Harvey Weinstein.

  We would note that under the unique formula that was approved by Judge Walrath, third parties such as board members, are granted releases from liability as well as insurance carriers who did not contribute the full amount of the applicable coverage as usually occurs in these types of proceedings. These factors are appellate issues which Ms. Canosa and her bankruptcy counsel must weigh based on all evidence before deciding her course of action.

Unlike any other plaintiff with a "Weinstein case", Ms. Canosa's case has completed multiple depositions and all fact discovery is complete except for the depositions of the Weinstein brothers. I believe that Ms. Canosa's case is the only one in which a deposition has been conducted worldwide, let alone multiple ones. Her case is the only one that has proceeded to completion of fact discovery. It would be grossly unfair if after all this challenging and emotionally taxing effort that she be required to make a final decision on her case without having the last two pieces of discovery that are necessary for such a decision.

Mr. Robert Weinstein's counsel states that to sit for a deposition as a fact witness would be "unduly burdensome, unfair and a waste of party and non-party resources". Several non-party witnesses have already been deposed in accordance with this Court's order. While they were neither as famous or well moneyed as Mr. Weinstein, their time was equally valuable, and they did so without objection.

Based on information obtained in the prior depositions, Mr. Weinstein has abundant knowledge relating to his brother's conduct. The latest application is nothing more than an attempt to avoid giving sworn testimony. However, Ms. Canosa should be permitted to make an informed choice before resolving her case and if she decides not to go forward, such a decision should not be forced on her. A deposition of Mr. Weinstein and his brother would aid in this decision immensely.

This case flows from a culture where those with power could control and abuse those without. The attempt to avoid being deposed and to somehow force Plaintiff to 'make up her mind' is more of the same behavior. Mr. Weinstein's time is no more valuable than Ms. Canosa's, who was deposed last night during grueling proceedings which commenced at 1:00 PM and continued until nearly 10:00 PM, so that this Court's order would be complied with.

While we would consider a brief adjournment with the Court's approval, this should not be indefinite or tied into a requirement that Ms. Canosa decide whether to settle all her claims without the information that both Mr. Weinstein and his brother possess.

I will next respond to the letter from counsel for TWC. Despite making objections to the plan on many grounds, Judge Walrath approved the version submitted by TWC wherein funds that would otherwise go to survivors would go to creditors of TWC. Ms. Canosa was hopeful that the final version approved by the Court would remove certain provisions that were objectionable. Apparently, that is not to be.

Finally, I would note further than Ms. Bitar states that I refused to allow my client to answer what her plans were for pursuing her lawsuit based on the approval of the bankruptcy court. At the time, I was unaware of the approval as was my client. I was frankly shocked that this question would be sprung on a Plaintiff who had just been grilled for hours regarding allegations of sexual abuse in a manner which was extraordinarily challenging emotionally. I properly objected to this question because a decision whether to settle, and the pros and cons of such a decision, are clearly privileged and not a proper deposition question. I frankly thought that this question, and the springing of information that neither Ms. Canosa or her attorney had, was simply mean-spirited and an effort to further intimidate her and was clearly improper.

In the past, we sought extensions of discovery deadlines due to the bankruptcy proceedings in order to see what the final plan would be. Nevertheless, the Court set forth a deadline of January 29, 2021 for depositions (aside from Harvey Weinstein, whose deadline is currently February 5, 2021). We were thus constrained to move forward and spent considerable time and expense to conduct numerous depositions. We are keeping to the discovery schedule, and wish to finish our depositions as planned, while plaintiff considers her options and further develops her case. We have every entitlement to this deposition, and we should not now be precluded from taking it forthwith. Finally, under no circumstances should plaintiff be forced to decide how she plans to proceed without having the evidence necessary for her to make an informed decision based on all the facts.

Thank you for your consideration in this matter.

Respectfully submitted,

Thomas P. Giuffra

CC:

AIDALA BERTUNA & KAMINS, PC
*Attorneys for Defendant Harvey Weinstein*
iansari@aidalalaw.com

SEYFARTH SHAW LLP
*Attorneys for Defendants The Weinstein Company, LLC, The Weinstein Company Holdings, LLC*
kbitar@seyfarth.com; lsavadjian@seyfarth.com

SCHULTE ROTH & ZABEL LLP
*Attorneys for Non-Party Robert Weinstein*
gary.stein@srz.com; andrew.gladstein@srz.com

The Court adjourns Robert Weinstein's and Harvey Weinstein's depositions until Friday, February 12, 2021, principally in recognition of the possibility that the settlement approved by the bankruptcy court may be accepted by Ms. Canosa so as to moot the need for the deposition.  The Court expects that Ms. Canosa can and will durably commit herself, in writing, by Friday, February 5, 2021, whether she will accept the bankruptcy court settlement.  If by that date, she has turned down that settlement, the deposition will go forward on February 12, 2021; but if by that date, she has either accepted the settlement (or durably settled on other terms) or has not committed as to whether to accept the bankruptcy settlement, the Court expects to order the cancellation of the deposition, with prejudice.

The Clerk of Court is respectfully directed to terminate the pending motion at docket 280.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

January 26, 2021