# RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP

551 FIFTH AVENUE, 29TH FLOOR
NEW YORK, NEW YORK 10176
Tel: (212) 684-1880
Fax: (212) 689-8156
www.rheingoldlaw.com

DAVID B. RHEINGOLD◊
THOMAS P. GIUFFRA♦
EDWARD A. RUFFO♦
SHERRI L. PLOTKIN♦
JEREMY A. HELLMAN♦

Of Counsel
PAUL D. RHEINGOLD‡●

*Also Admitted In*:

D.C. ‡
Virginia ◊
New Jersey ♦
Massachusetts ●

February 1, 2021

Hon. Paul A. Engelmayer, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

   Re: Alexandra Canosa v. Harvey Weinstein, et al.
      No. 18 Civ. 4115 (PAE)

Dear Judge Engelmayer:

  We represent plaintiff, Alexandra Canosa in this matter. We write pursuant to your Honor's order of January 26, 2021 (ECF 283).

  Plaintiff Alexandra Canosa has not yet determined her course of action with regard to releasing Harvey Weinstein. Exhibit 4 of the Order Confirming Plan Proponents' Fifth Amended Joint Chapter 11 Plan of Liquidation, signed by the Honorable Mary F. Walrath, U.S.B.J., on January 26, 2021 (Case 18-10601-MFW, ECF 3203) provides the procedures for sexual misconduct claims such as Ms. Canosa's (Exhibit 1). It sets forth that a Sexual Misconduct Claims Examiner will evaluate Ms. Canosa's claims, and will then send her a Claims Determination which shall include the estimated minimum liquidated value of her allowed sexual misconduct claims, as well as an election notice.

  The order provides for the following with regard to timing (p. 140-141):

> Upon the later of (i) the Claims Determination; (ii) a Final Claims Determination; or (ii) a Final Judicial Determination, the Claims Administrator shall provide each Claimant with the option to release Harvey Weinstein or to not release Harvey Weinstein and pursue an action against him (but not any Released Party) in another court of competent jurisdiction (including the right to a jury trial) (the "Election Notice"). The Election Notice shall include the estimated minimum Liquidated Value of a Claimant's Allowed Sexual Misconduct Claims.

> …
> Claimants must return the Election Notice to the Claims Administrator within 14 calendar days after the date of mailing of the Election Notice. If a Claimant **does not affirmatively elect to release Harvey Weinstein** (a "Non-Releasing Claimant"), such Non-Releasing Claimant shall receive 25% of the Liquidated Value of its Allowed Sexual Misconduct Claims and pursue an action against Harvey Weinstein (but not any Released Party) in another court of competent jurisdiction.

Based on the order of the Bankruptcy Court, for purposes of settlement, Ms. Canosa is not required to decide whether she will release Harvey Weinstein until after she knows how much money she would receive if she decided to release him. Therefore, Ms. Canosa's decision is not ripe, as she will not have a decision as to whether she is releasing Harvey Weinstein until *after* her claims are fully evaluated and she knows what amount of money she would be accepting to release him from further liability.

This Court's prior Order directs her to make a durable commitment on whether she will settle her claims against Harvey Weinstein without knowing what she would receive for her damages. Ms. Canosa has directed us to advise the Court that she is not making a final decision without first knowing what she will receive in the bankruptcy settlement.

Ms. Canosa will have a monumental settlement decision to make. As with any case, the discovery process helps immensely with deciding whether to take a settlement. As Ms. Canosa has done her part, having been deposed at length on January 25, 2021, we ask that she be allowed to complete the final two steps of deposition discovery, namely: taking the depositions of Harvey Weinstein and Robert Weinstein.

We see no reason that this discovery should not proceed. Indeed, on January 28, 2021, the Honorable Alvin K. Hellerstein, U.S.D.J., issued an order directing discovery to proceed in the matter of *Geiss v. Weinstein Company,* 17-cv-09554-AKH (ECF 392) on the grounds that "[t]his case is independent from the action in Bankruptcy Court and must proceed on its own timeline" (Exhibit 2). We also note that in said case, Judge Hellerstein denied Harvey Weinstein's motion for a stay of his deposition (Exhibit 3).

Harvey Weinstein is still in New York, and specifically in a facility that has said they can accommodate a virtual deposition. Furthermore, while arguing in support of a motion for a stay, Harvey Weinstein's counsel has indicated that Harvey Weinstein has serious health ailments (ECF 266, p. 3). The presence of these ailments make taking his deposition sooner than later of heightened importance. We would note that in this Court's Order dated January 4, 2021, counsel for Harvey Weinstein was given a deadline of January 29, 2021 to submit a physician's letter documenting Harvey Weinstein's inability to sit for a deposition (ECF 277). This proof of incapacity was not submitted.

Additionally, Robert Weinstein is currently under subpoena, and there is no reason to postpone his deposition as it would be the last fact deposition required for this case. As the Court

is no doubt aware, this is the only "Weinstein" case that has proceeded through almost the entirety of fact discovery, unlike other cases that have not even conducted a single deposition. It is not fair or equitable that Ms. Canosa as a victim of horrendous abuse should be subjected to a lengthy and intrusive deposition so that Defendants could evaluate her claims while being deprived of the same opportunity by deposing her abuser and his principal enabler in evaluating whether it is in her best interests to settle her claim.

After taking these two depositions, Ms. Canosa would request that this matter be stayed pending her decision on the determination of the Sexual Misconduct Claims Examiner, as there would not be expected to be any further discovery that could help her make her determination.

Thank you for your consideration in this matter.

Respectfully submitted,

Thomas P. Giuffra

AIDALA BERTUNA & KAMINS, PC
*Attorneys for Defendant Harvey Weinstein*
iansari@aidalalaw.com

SEYFARTH SHAW LLP
*Attorneys for Defendants The Weinstein Company, LLC, The Weinstein Company Holdings, LLC*
kbitar@seyfarth.com; lsavadjian@seyfarth.com

SCHULTE ROTH & ZABEL LLP
*Attorneys for Non-Party Robert Weinstein*
gary.stein@srz.com; andrew.gladstein@srz.com

The Court has previously ordered that the depositions of Robert Weinstein and Harvey Weinstein go forward by February 12, 2021, unless plaintiff Canosa has durably rejected the settlement offer extended to her in connection with the bankruptcy court settlement process.  Dkt. 283.  Plaintiff's counsel's letter, in asking that the depositions go forward by that date regardless of whether Canosa has made a decision as to whether to accept the bankruptcy court settlement, implies but does not explicitly state that Ms. Canosa does not yet know the amount of the settlement that she would receive via that process.  The Court directs plaintiff's counsel, by February 4, 2021, to submit a sworn declaration so attesting if true, and explaining concretely why Ms. Canosa does not yet know the amount that she stands to receive through that process.  Following counsel's response, the Court will determine whether to enforce the February 12, 2021 deadline.  Both Weinsteins should remain prepared to be deposed by that date.  To the extent that defendant Harvey Weinstein intends to seek the adjournment of the deposition on medical grounds, the Court expects to receive any such application by Friday, February 5, 2021, to enable the Court to review it in an orderly fashion.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

February 2, 2021