UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA CANOSA,<br><br>                 Plaintiff,<br><br>-against-<br><br>HARVEY WEINSTEIN, THE WEINSTEIN COMPANY HOLDINGS, LLC, THE WEINSTEIN COMPANY, LLC,<br><br>               Defendants. | No. 18 Civ. 4115 (PAE)<br><br>**ATTORNEY DECLARATION<br>OF THOMAS P. GIUFFRA** |

      Thomas P. Giuffra, pursuant to 28 U.S.C. § 1746, deposes and declares that the following is true under penalties of perjury:

1.     I am a member of the law firm of Rheingold, Giuffra, Ruffo & Plotkin LLP, counsel for Plaintiff Alexandra Canosa in the within action. I am fully familiar with all pleadings and proceedings heretofore had herein.

2.     This Declaration is submitted in response to the order of the Honorable Paul A. Engelmayer, U.S.D.J. of February 2, 2021 (ECF 285).

3.     I have recently spoken to Ms. Canosa, and can attest that neither myself nor Ms. Canosa know the amount in settlement that Ms. Canosa will be offered through the bankruptcy process.

4.     Ms. Canosa has filed a proof of claim in bankruptcy court.

5.     The Order Confirming Plan Proponents' Fifth Amended Joint Chapter 11 Plan of Liquidation, signed by the Honorable Mary F. Walrath, U.S.B.J., on January 26, 2021 (Case 18-10601-MFW, ECF 3203) (attached hereto as **Exhibit 1**) provides for a Sexual Misconduct Claims Fund, the procedures of which are attached to the Order in Exhibit 4 (attached hereto as **Exhibit 2**).

6.     The Sexual Misconduct Claims Fund Procedures (Exhibit 2) provides the procedures for sexual misconduct claims such as Ms. Canosa's.

7.  It sets forth that a Sexual Misconduct Claims Examiner will evaluate Ms. Canosa's claims, and will then send her a Claims Determination which shall include the estimated minimum liquidated value of her allowed sexual misconduct claims. This will only happen after the Claims Examiner has evaluated Ms. Canosa's claims, which has not yet happened nor have the procedures that precede the evaluation even started.

8.  It is not known to me how long the process will take or the actual details of the claim process.

9.  As set forth on page 4 of the procedures, the following describes what appears to be the beginning of the claim process (Exhibit 2):

> As set forth in the Plan, upon the Effective Date of the Plan, the Debtors shall serve each person that filed a proof of claim asserting a Sexual Misconduct Claim with a long form proof of claim (the "Long Form Proof of Claim"). Holders of Sexual Misconduct Claims must submit the Long Form Proof of Claim to the Claims Examiner within 60 days following the Effective Date of the Plan.
>
> The Claims Examiner shall consider all of the facts and evidence presented by the Claimant in the Claimant's filed Long Form Proof of Claim.
>
> By a date to be established by the Claims Examiner and upon written request by a Claimant or such Claimant's counsel of record, the Claims Examiner may interview any Claimant; provided that any face-to-face interview shall be conducted by video conference.

10. To the best of my knowledge, the Effective Date of the plan has not been determined.

11. Neither Ms. Canosa nor myself have been served with a long form proof of claim which is apparently the initial step of the claim process as referred to in the Order. The format of the long form proof of claim is unknown to us, nor is it known when it will be finalized.

12. It is unknown to me how long the claims process will take. However, page 8 mentions the following: "The Plan Proponents anticipate that an interim distribution will be made within

approximately 7 months from the Effective Date of the Plan" (Exhibit 2).

13. The bankruptcy plan provides Ms. Canosa and other claimants the right to partially opt out of the settlement after participating in the claims process and being provided with the knowledge of what their estimated award is. This permits claimants to make an informed decision before being forced to make a decision as to whether or not to sue Harvey Weinstein. Additionally, information obtained through discovery also provides vital information which will impact the decision of continuing with claims against Harvey Weinstein. The plan also provides claimants with a right to reconsideration if they are dissatisfied with the initial claim evaluation.

14. The opt out/ reconsideration provisions are stated on page 9 of the plan procedures which provides that once the determination has been given, "[i]f a Claimant fails to request reconsideration within 14 calendar days after the date of mailing of the Determination Notice, the Claims Examiner's determination shall become final and non-appealable", but that in those 14 days a claimant can choose to receive only 25% of the award and sue Harvey Weinstein directly (Exhibit 2, p. 10-11).

15. The award amount for Ms. Canosa's claim is unknown because none of the claim evaluation procedures have even started. It is unclear when Ms. Canosa's claims will be evaluated so that a specific (or estimated) award amount can be known to her.

16. The foregoing is based on my best understanding of the subject plan. I am unaware of any other documentation from the bankruptcy proceeding that provides any further details, if any.

Dated: New York, NY
February 4, 2021

_____
THOMAS P. GIUFFRA