# RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP

551 FIFTH AVENUE, 29TH FLOOR
NEW YORK, NEW YORK 10176
Tel: (212) 684-1880
Fax: (212) 689-8156
www.rheingoldlaw.com

DAVID B. RHEINGOLD◊
THOMAS P. GIUFFRA♦
EDWARD A. RUFFO♦
SHERRI L. PLOTKIN♦
JEREMY A. HELLMAN♦

Of Counsel
PAUL D. RHEINGOLD‡●

*Also Admitted In*:

D.C. ‡
Virginia ◊
New Jersey ♦
Massachusetts ●

February 4, 2021

Hon. Paul A. Engelmayer, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

   Re: Alexandra Canosa v. Harvey Weinstein, et al.
     No. 18 Civ. 4115 (PAE)

Dear Judge Engelmayer:

  We represent plaintiff, Alexandra Canosa in this matter. Pursuant to your Honor's order (ECF 285), we have filed a Declaration demonstrating that we do not yet know what the settlement amount offered to Ms. Canosa will be in the bankruptcy proceeding, and the process will likely take months before a decision can be made in that proceeding regarding settlement.

  We write to request an extension of time for taking the depositions of Harvey Weinstein and Robert Weinstein, the last two deponents, to March 12, 2021. The current deadline for these depositions is February 12, 2021.

  In an effort to schedule the depositions of Harvey Weinstein and Robert Weinstein, we reached out to counsel for defendants and learned that they are each unavailable for two days next week, leaving only a day that is not ideal for our office.

### The Extensive Future Bankruptcy Claims Process

  The Court's order of February 2, 2021 indicates that the depositions of Robert Weinstein and Harvey Weinstein go forward by February 12, 2021 (ECF 285), but indicates that "[f]ollowing counsel's response [Declaration being filed today], **the Court will determine whether to enforce the February 12, 2021 deadline**" (ECF 285) (emphasis added). Given the extensive timing of the bankruptcy claims process which is not expected to finalize anytime soon, and the current scheduling difficulties met by the parties, we request that the deadline be extended.

As described in my Declaration filed today, the claims process has not even begun, and we have not even received the long form proof of claim yet, and we do not expect to have to make a decision with regard to settling with Harvey Weinstein for months. Therefore, in the interest of being able to find fully mutually convenient dates for these two extensive depositions, we request time for taking these two final fact depositions.

### Time for Prison to Make Arrangements

Additionally, we anticipate needing additional time for taking Harvey Weinstein's deposition since we will need to move for leave of Court pursuant to FRCP §30(a)(2)(B) to take this deposition as Mr. Weinstein is confined to Wende Correctional Facility. Such facility has said that they will require no less than 72 hours to arrange the deposition, and prefer more time, and the process can only begin once there is a specific court order setting forth a date.

We have been unable to begin this process with regard to scheduling Harvey Weinstein's deposition as he had moved for a stay, and his time to file a doctor's letter does not even expire until February 5, 2021 (ECF 285). We had previously moved to expedite this process and secure a February 5, 2021 deposition date for Harvey Weinstein (ECF 278), to which the Court ordered, in part, that "[i]f on January 29, 2021 the Court determines that further medical stay of the deposition is not warranted, **the Court would entertain a motion to extend the deadline to take Mr. Weinstein's deposition to give the Wende Correctional Facility proper time to prepare**" (ECF 279) (emphasis added). As this deadline was recently extended to February 5, 2021 (ECF 285), and given our scheduling issues, it is already apparent that an extension will be needed.

We conferred with all parties regarding my request for a 30-day extension of the time to take the depositions of Harvey Weinstein and Robert Weinstein. Counsel for Harvey Weinstein indicated as follows: "Defendant Harvey Weinstein does not take a position as to your request, as defendant reserves his right to petition the court to stay the taking of his deposition, regardless of date, due to medical concerns and/or due to the pending criminal prosecution in Los Angeles." Counsel for TWC indicated they take no position. Counsel for Robert Weinstein indicated as follows: "We do not agree that a deposition of a non-party witness is appropriate, and we intend to raise that issue with the Court if and when you submit a sworn declaration in response to the Court's February 2 Order. For that reason, we would not consent to a date for Mr. Weinstein's deposition, but would not object if you requested more time from the Court to complete discovery".

A proposed order is attached as Exhibit 1.

Thank you for your consideration in this matter.

Respectfully submitted,

Thomas P. Giuffra

To:

AIDALA BERTUNA & KAMINS, PC
*Attorneys for Defendant Harvey Weinstein*
iansari@aidalalaw.com

SEYFARTH SHAW LLP
*Attorneys for Defendants The Weinstein Company, LLC, The Weinstein Company Holdings, LLC*
kbitar@seyfarth.com; lsavadjian@seyfarth.com

SCHULTE ROTH & ZABEL LLP
*Attorneys for Non-Party Robert Weinstein*
gary.stein@srz.com; andrew.gladstein@srz.com

The Court is persuaded by plaintiff's counsel that Ms. Canosa as yet is not in position to quantify the settlement that she would stand to receive in the bankruptcy process.  Dkt. 286.  And while the Court would therefore otherwise direct that the two outstanding depositions go forward by the February 12, 2021 deadline the Court has set, counsel persuasively explain the difficulty finding a mutually convenient date during the week between now and February 12, 2021.  The Court accordingly adjourns the deadline for these two depositions by four weeks, until March 12, 2021.  However, the Court further directs that, by February 10, 2021, counsel agree upon a firm date within that deadline for each of the depositions, as the Court will not again permit scheduling challenges to be cited as justification for deferring the depositions.  This order is without prejudice to the right of deponent Harvey Weinstein to assert that medical or Fifth Amendment considerations justify further deferral of his deposition.  Should Mr. Weinstein intend to so argue, any submission to that effect is due two weeks before the agreed upon deposition date, and plaintiff Canosa's response is due one week before the agreed upon deposition date.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

February 5, 2021