# RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP

551 FIFTH AVENUE, 29TH FLOOR
NEW YORK, NEW YORK 10176
Tel: (212) 684-1880
Fax: (212) 689-8156
www.rheingoldlaw.com

DAVID B. RHEINGOLD◊
THOMAS P. GIUFFRA♦
EDWARD A. RUFFO♦
SHERRI L. PLOTKIN♦
JEREMY A. HELLMAN♦

Of Counsel
PAUL D. RHEINGOLD‡●

*Also Admitted In:*

D.C. ‡
Virginia ◊
New Jersey ♦
Massachusetts ●

February 9, 2021

Hon. Paul A. Engelmayer, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

       Re:   Alexandra Canosa v. Harvey Weinstein, et al.
            No. 18 Civ. 4115 (PAE)

Dear Judge Engelmayer:

We represent plaintiff, Alexandra Canosa in this matter. I write in response to the letter filed by non-party Robert Weinstein on February 5, 2021 (ECF 288).

Robert Weinstein seeks to cancel his deposition because he claims in his counsel's letter that Ms. Canosa cannot show relevance of his deposition. This entire argument is misplaced as "the party seeking to quash a subpoena bears a heavy burden of proof" Irons v. Karceski, 74 F.3d 1262, 1264 (D.C. Cir. 1995). Nonetheless, as will be discussed, Robert Weinstein possesses extensive relevant information regarding the conduct of his brother which is critical to establishing Plaintiff's claims.

Plaintiff seeks the deposition of Robert Weinstein for matters that are highly relevant to the culpability of Harvey Weinstein personally. Following dismissal of various of Plaintiff's claims, the following remain against Harvey Weinstein personally (ECF 152):

1. Battery (claim 1);
2. Assault (claim 2);
3. Intentional infliction of emotional distress regarding a course of intimidating and abusive conduct by Weinstein spanning August 2010 to August 2017 (claim 3);
4. Sexual assault (claim 6);
5. False imprisonment (claim 18);
6. New York State Human Rights Law (claim 8) and New York City Human Rights Law (claim 9) (Sex discrimination includes sexual harassment through quid pro quo, disparate impact and hostile work environment theories);

7.  Trafficking Victims Protection Act, 18 U.S.C. § 1591 (claim 13);
8.  California law (claims 16 and 17).

These are wide ranging claims, as they include broad human rights claims that refer to Harvey Weinstein's conduct at work and around the world. Robert Weinstein, who was deeply involved in the Weinstein Company, and has a plethora of personal knowledge regarding Harvey Weinstein's behavior at work and in many contexts, is a prime source of probative evidence.

Based on prior proceedings in this matter and elsewhere, Harvey Weinstein will claim he had a consensual relationship with Ms. Canosa. Evidence of other instances of abuse and sexual harassment would demonstrate that Harvey Weinstein has a pattern of conduct, and intent, and Ms. Canosa was a victim. Even if Robert Weinstein does not know Ms. Canosa personally, he has not ruled out that he has information that would be useful (or harmful) to Ms. Canosa's case. It cannot be seriously disputed that Robert Weinstein was involved and had knowledge of the allegations and settlement of multiple sexual harassment and similar matters involving his brother for many years, or had knowledge of improper conduct by his brother. This is certainly relevant in a claim involving a serial sexual predator who is taking the position that his conduct was consensual.

Federal Rules of Evidence §404(b)(2) states:

> Other Crimes, Wrongs, or Acts. (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Such evidence may be used in a civil proceeding. Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 154 (1st Cir. 1992) (recognizing applicability of FRE 404(b) in civil context); Roshan v. Fard, 705 F.2d 102, 104-106 (4th Cir. 1983) (civil action arising out of altercation in a bar; error to exclude defense evidence that plaintiff had been convicted of a crime where defendant had acted as an informant because such evidence tended to demonstrate plaintiff's motive to initiate assault); Dosier v. Miami Valley Broadcasting Corp., 656 F.2d 1295, 1300-1301 (9th Cir. 1981) (instances of alleged racial discrimination may be used "to establish the existence of a pattern or scheme" under FRE 404(b)); Miller v. Poretsky, 595 F.2d 780, 784 (D.C. Cir. 1978) (prior acts of alleged racial discrimination relevant to prove "landlord's motive"); Edgar v. Fred Jones Lincoln-Mercury, Inc., 524 F.2d 162, 164-167 (10th Cir. 1975) (in fraud action alleging an odometer rollback on car, error to exclude evidence of prior similar acts to show "knowledge or intent"); Demers v. Adams Homes of Nw. Florida, Inc., 321 F. App'x 847, 854 (11th Cir. 2009) ("Thus, discriminatory intent may be proven by direct or circumstantial evidence, such as that admitted under 404(b).").

The case of Vale v. Great Neck Water Pollution Control Dist., No. 14CV4229ADSAYS, 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016) is instructive. It held:

> C. *The Subpoena Seeks Relevant Evidence*
> Plaintiff claims that she was retaliated against and fired by Murphy. She also alleges that Murphy has a propensity to retaliate against

employees who exercise their employment rights. Evidence that Murphy has acted similarly toward Plaintiff and other District employees may be admissible on the issue of intent. In *Terry v. Ashcroft,* 336 F.3d 128, 141 (2d Cir.2003), the Second Circuit considered an "atmosphere of retaliation in the workplace," including testimony from various employees from plaintiff's office as evidence of retaliation. Similarly, in *Henry v. Wyeth Pharmaceuticals, Inc.,* 616 F.3d 134, 150–151 (2d Cir.2010), the Second Circuit noted that race related comments made by plaintiff's direct supervisor to two other employees were relevant to the plaintiff's claims of retaliation. In *Ortega v. Fedcap Rehabilitation Svcs., Inc.,* 2003 WL 21383383, at *1 (S.D.N.Y. June 16, 2003), the court found that similar-act complaints against plaintiff's supervisor by other employees were discoverable because intent was at issue. *See also Flanagan v. Travelers ins. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y.1986) ("Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, and is therefore discoverable pursuant to Fed. R. Civ.P. 26(b)(1)."(citations omitted). Moreover, Courts in this district have recognized that direct evidence of an employer's discriminatory intent will rarely be available, so affidavits and depositions must be carefully scrutinized for circumstantial proof of discriminatory conduct. *Weber v. City of New York*, 973 F.Supp.2d 227, 249 (E.D.N.Y.2013). Given this precedent, the testimony sought from Arman is relevant on the issue of Murphy's intent and retaliatory conduct. This court makes no ruling as to the admissibility at trial of any evidence discovered as a result of enforcement of this subpoena. Nonetheless, the information sought is within the scope of discovery, and the motion to quash on relevance grounds is therefore denied. In light of the finding of relevance, the Court turns to address the issues of whether the subpoena is burdensome, and whether enforcement is barred by the parties' prior confidentiality agreement.

Additionally, FRE 404(b) requires only that the prior act have logical relevancy, not that it necessarily be similar in nature to the charged crime. United States v. Vest, 842 F.2d 1319, 1327 n.6 (1st Cir. 1988) ("'[S]imilarity' is not a general requirement for admissibility under Rule 404(b).").

It is expected that Robert Weinstein is keenly aware of prior sexual misconduct by Harvey Weinstein, as well as Harvey Weinstein's abusive behavior in the workplace and elsewhere. Certainly, there is no allegation made that such is not the case, which was movant's burden. It is also expected that Robert Weinstein will be able to provide direct testimony pertaining to physical violence, and abusive behavior, that Harvey Weinstein unleashed, at work, when his demands were not acquiesced to. As such, Robert Weinstein is expected to have highly relevant information.

Indeed, just as much as it is important to know what *helpful* information Robert Weinstein could have, it is important to find out what *damaging* testimony Robert Weinstein, may have, and how Harvey Weinstein was perceived by his co-workers in the workplace, for better, or worse. These are especially relevant to Ms. Canosa's broad claims pursuant to New York State Human Rights Law (claim 8) and New York City Human Rights Law (claim 9) (Sex discrimination including sexual harassment through quid pro quo, disparate impact and hostile work environment theories). Therefore, this deposition is expected to be highly probative on many levels, whether to help Ms. Canosa's case, or to prepare her for what possible negative testimony she will need to address at the time of trial from whatever witnesses may testify who have similar knowledge and experiences with Harvey Weinstein.

We further maintain that this deposition should be held at this particular juncture in time. Plaintiff is not merely seeking this deposition for purposes of a settlement in some other proceeding, but to identify whether to give Defendant Harvey Weinstein a release in this very court case. That is highly dependent on what the evidence here shows, and the likelihood for success in the case at bar. This deposition is not a special proceeding, but is pursuant to a non-party subpoena in a pending, and active, case. Additionally, as discovery is coming to a close, we see no reason that this final non-party deposition should not be allowed to happen, just as several non-party depositions already went forward.

Thank you for your consideration in this matter.

Respectfully submitted,

Thomas P. Giuffra

To:

AIDALA BERTUNA & KAMINS, PC
*Attorneys for Defendant Harvey Weinstein*
iansari@aidalalaw.com

SEYFARTH SHAW LLP
*Attorneys for Defendants The Weinstein Company, LLC, The Weinstein Company Holdings, LLC*
kbitar@seyfarth.com; lsavadjian@seyfarth.com

SCHULTE ROTH & ZABEL LLP
*Attorneys for Non-Party Robert Weinstein*
gary.stein@srz.com; andrew.gladstein@srz.com

The Court is persuaded that Robert Weinstein likely has relevant testimony to offer in this case and that there is no basis for any further adjournment of his deposition.   The Court accordingly orders that Robert Weinstein's deposition go forward, by March 12, 2021.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

February 12, 2021